THE BECK COAL AND LUMBER COMPANY *et al.* Appellees,
*vs.* THE H. A. PETERSON MANUFACTURING COMPANY,
Appellant.

*Opinion filed December 15, 1908.*

1. MECHANICS' LIENS—*what is not a variance between allegations and proof as to the contract.* Acceptance, by a contractor, of an estimate for material stating the terms to be thirty days fixes the terms of the contract, and an averment in the material-man's petition for a mechanic's lien, to which the estimate was attached as an exhibit, that, impliedly, the materials were to be paid for the first day of the month succeeding the final delivery thereof, is an unwarranted conclusion of the pleader and may be disregarded.

2. SAME—*when all the material furnished, including extra material, is sold under one contract.* Where a material-man agrees to furnish the contractor with the materials included in the material-man's estimate at the prices and upon the terms therein stated, together with such other materials of the same nature as the contractor might need for the building and order from time to time, all the material furnished, whether mentioned in the estimate or not, is sold under one contract and upon the same terms.

3. SAME—*sub-contractor's notice to owner need not state when payments are due.* Under section 24 of the Mechanic's Lien act, as amended in 1903, (Laws of 1903, p. 241,) a sub-contractor's notice to the owner of the former's claim and the amount due thereunder need not state when payment became or will become due.

4. SAME—*when contractor cannot be held liable for quality of brick used.* A contractor cannot be held liable for the quality of brick used in constructing the walls of a building, where the brick were inspected by the owner's superintendent before they were bought and were selected by him as the kind to be furnished for the building.

5. SAME—*when a claim for tanks and cisterns is lienable.* A claim for tanks and cisterns furnished for a building is lienable where the tanks were placed in pits excavated for the purpose and the tanks and cisterns were all connected by pipes with the boilers in the building, as in such case they are part of the fixtures, apparatus and machinery of the building.

6. SAME—*when claim for lumber is non-lienable.* A claim for lumber furnished long after the completion of a building is non-lienable, where there is no proof that it was furnished for the purpose of being used in the building or that it was so used, the evidence being that it was used for benches and not for any part of the building.

7. SAME—*when question of solicitor's fees cannot be considered.* The allowance of solicitor's fees in a mechanic's lien case cannot be questioned in the Supreme Court where such question was not presented in the Appellate Court.

APPEAL, from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

J. A. COLEMAN, (STEELE & THOMPSON, of counsel,) for appellant.

FREDERIC R. DEYOUNG, for Beck Coal Co.; CHESTER FIREBAUGH, for Edward Raymond; SIMON P. GARY, for Eagle Tank Co.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court which affirmed a decree of the circuit court establishing liens in favor of appellees for work and material furnished in the erection of a factory building for appellant. Edward Raymond was the contractor, and the Beck Coal and Lumber Company, which sold him material for the building, filed the petition. Raymond filed a cross-petition and the Eagle Tank Company filed an intervening petition. The amounts respectively found due the Beck Coal and Lumber Company and the Eagle Tank Company being less than $1000, a certificate of importance was granted by the Appellate Court as to their claims.

Three objections are made to the claim of the Beck Coal and Lumber Company: (1) A variance between the allegations and the proof as to the contract; (2) that suit was not begun until more than four months after the last payment became due; (3) the notice of lien to the owner was defective in not stating when the amount became or would become due.

As to the first objection, the petition avers that the petitioner made an estimate of the bill of items of materials required, with the prices, which was accepted by Raymond, (a copy of which estimate is attached to the petition as an exhibit and prayed to be taken as a part of the petition,) and that impliedly the materials were to be paid for on the first day of the month succeeding the final delivery thereof. The exhibit states the terms to be thirty days. The acceptance of the proposition fixed the terms, and there was therefore no variance. The allegation that impliedly the materials were to be paid for at a different time is a conclusion of the pleader not justified by the facts and must be disregarded. In regard to the extra material, the allegation and proof are that the petitioner agreed to furnish Raymond the materials enumerated in the estimate at the prices stated, together with such other materials of the same nature as Raymond might need in the construction of the building and might order from time to time. The materials mentioned in the estimate and the materials furnished were all sold under one contract and on the same terms of credit.

The suit was begun June 5, 1906. Petitioner claimed to have made the last delivery of material February 20. It is undisputed that part of the material was delivered on January 8. The thirty days' credit would expire on February 7, which was less than four months prior to the filing of the petition, on June 5.

The notice to the appellant was not defective because it did not state when payment became or would become due. The law does not require such statement. Hurd's Stat. 1905, sec. 24, p. 1325.

The contract provided for the completion of the work in sixty-five days and for the payment by the contractor of $10 per day damages for each day's delay of completion beyond that time. The appellant claimed, as against Raymond, damages at the stipulated rate for 133 days and $1800 damages for the re-construction of the outer wall,

which it claims will have to be done on account of the inferior brick used therein; and that the building has never been completed to the satisfaction of H. A. Peterson, the superintendent, as required by the contract. The delay in the completion of the work arose, in part, from the fault of the contractor, in part from the fault of the appellant. Changes made in the work by the order of the appellant, delay in furnishing materials required to be provided by the appellant, slowness in making payments required of the appellant, and extra work done by the contractor on the appellant's order, all contributed to the delay. It is impossible to tell how much of the delay was the fault of the contractor and how much that of the appellant, and there is no basis for an apportionment of the damages. An examination of the evidence satisfies us that there has been a substantial performance of the contract by Raymond, and that acceptance by the superintendent, Peterson, who was the president of appellant, was waived by the conduct of the parties and by their act in submitting their dispute to the arbitration of L. G. Hallberg, expressly waiving all provisions in the contract in regard to the certificates. The evidence shows that some of the brick were soft and of inferior quality, though the proportion of that kind is very indefinite. These brick, however, were inspected by H. A. Peterson, the president of the appellant, before they were bought, and were selected by him as the kind to be furnished for the building. Under these circumstances the contractor cannot be held liable for their quality.

The greater part of the claim of the Eagle Tank Company was for two cisterns and several tanks furnished, to be used in connection with the manufacturing business carried on in the building. The tanks stood in pits excavated for the purpose, and tanks and cisterns are all connected by pipes with the boilers and are part of the fixtures, apparatus and machinery of the factory. The evidence in regard to their price sustains the amount claimed. As to

the lumber, there is no proof that it was furnished for the purpose of being used in the building or that it was so used. At the time it was furnished the building had long been completed, and the evidence is that the lumber was used for benches but not for any part of the building. The amount of this item was $33.60, and for it no lien existed.

The allowance of solicitors' fees is assigned for error. The question of solicitors' fees was not presented in the Appellate Court and cannot be considered here.

The judgment of the Appellate Court will be affirmed except as to the Eagle Tank Company, and as to the Eagle Tank Company the judgment of the Appellate Court and the decree of the circuit court will be reversed and the cause remanded to the circuit court, with directions to enter a decree in favor of the Eagle Tank Company for $342.40. The Eagle Tank Company will pay one-sixth of the costs in this court and the appellant five-sixths.

*Reversed in part and remanded, with directions.*