(No. 33490.—

VIOLA THOMPSON, Appellee, *vs.* EARL WILLIAMS *et al.*—
(FERDINAND BANKS *et al.*, Appellants.)

*Opinion filed June 16, 1955.*

EDWARD M. BYRD, of Chicago, for appellants.

LEONARD J. BRAVER, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The appellee, Viola Thompson, (a judgment creditor,) brought a creditor's bill in the superior court of Cook County to set aside a deed by which Ferdinand Banks (the judgment debtor) conveyed his undivided one-half interest in certain Cook County real estate to his wife, Lola Banks. The court set the deed aside and ordered said interest of Ferdinand Banks sold to satisfy the judgment.

Mr. and Mrs. Banks acquired the property in question, a lot upon which is situated a three-story building, in 1922 at a purchase price of $11,500. Title was taken as joint tenants, each contributing one half of the down payment. On January 2, 1952, Banks executed a quit-claim deed by which he conveyed his interest in the property to his wife. On February 14, 1952, the appellee took a confession judgment against Ferdinand Banks and one Earl Williams for $2141.29. After execution was returned unsatisfied, she filed the instant suit to set aside the deed, naming Earl Williams and Mr. and Mrs. Banks as defendants. The defendants defaulted and an order was entered directing that the complaint be taken as confessed against them. Mrs. Banks, however, had the default vacated as to her, and she filed an answer. The cause was then referred to a master, who made findings supporting the appellee, and Mrs. Banks filed exceptions thereto. The court overruled

her exceptions, and, based upon the report of the master, decreed that the deed be set aside and the interest of Ferdinand Banks in the property sold to satisfy the judgment. The court further decreed that after the payment of the judgment $1300 was to be given Mrs. Banks, with a provision that if the proceeds were insufficient to satisfy both claims the appellee and Mrs. Banks were to share *pro rata.* The proceeds remaining were ordered to be paid to Ferdinand Banks.

It must first be determined whether a freehold is involved so as to give this court jurisdiction. In *Feltinton* v. *Rudnik,* 401 Ill. 362, we said at pages 362-3: "It has been many times held that a freehold is not directly involved in a suit by a judgment creditor to set aside a fraudulent conveyance made by a debtor, and to subject the land conveyed to the payment of the judgment." The basis for this rule is that although the transfer of the property may be fraudulent and void as to creditors it is valid as between the grantor and the grantee. (*DeMartini* v. *DeMartini,* 385 Ill. 128; *Illinois State Trust Co.* v. *Jones,* 351 Ill. 498.) If the creditors are satisfied, then the conveyance stands. (*Campbell* v. *Whitson,* 68 Ill. 240; *People ex rel. Scholes* v. *Keithley,* 225 Ill. 30.) At first glance, therefore, it would seem that no freehold is involved and the cause should be transferred to the Appellate Court.

It is to be noted, however, that the trial court set the conveyance aside, not only as to the judgment creditor, but as to all parties. This is shown by the order of distribution of the proceeds of sale. The judgment creditor and Lola Banks were to share *pro rata* for their respective claims, and the remainder of the proceeds were ordered given to Ferdinand Banks, not Lola Banks. The effect of this decree was to divest Lola Banks of a freehold interest. No objection was made by any of the parties to this order of distribution, and on this appeal Lola Banks argues only

that she should be adjudged owner of the property free and clear of all claims against her husband. She does not assign as error or urge in argument that if she is wrong in this contention, the decree should be revised so as to vest in her the proceeds after the judgment creditor has been satisfied. Therefore, the necessary result of our decision must be to hold that Lola Banks either gains or loses a freehold estate, and we have jurisdiction on direct appeal. Ill. Rev. Stat. 1953, chap. 110, par. 199.

We now come to the merits of the case. The appellee contends that the deed was in violation of and given to circumvent the rights of creditors and was therefore void.

Mrs. Banks, however, insists that the deed was given for a good and valuable consideration and not to defraud creditors. She argues that she was a creditor of her husband and that he was justified in electing to make the transfer to her in preference to other creditors. To establish her position, Mrs. Banks sought to prove before the master that her husband owed her money from the following transactions: (1) In June, 1949, she made a $1270 down payment on an automobile for her husband and made subsequent payments totaling $933.40. (2) In March, 1950, she paid an unemployment compensation tax of $665 to the State of Illinois which he owed on his business. (3) In October, 1950, she paid to the Federal government $275 which her husband owed as estimated income tax. (4) In March, 1951, she loaned him $500. (5) On January 2, 1952, (the date of the deed) she paid $1300 to satisfy a judgment which her husband had outstanding. The total thus claimed was $4943.40.

The master found that the automobile payments were on a family automobile; that the unemployment compensation payment was an advance, but not a *bona fide* debt; that the income tax payment was on a joint liability under a joint tax return; that the $500 advance did not create a *bona fide* debt; and that the $1300 paid on the judgment

the day the deed was executed created a *bona fide* debt for which she should be reimbursed, but was inadequate in amount as consideration for the property which was worth approximately $20,000.

A debtor may prefer one creditor to another, but such preference must be made in good faith with the intent to pay or secure the payment of a just indebtedness against him. *Nelson & Co.* v. *Leiter*, 190 Ill. 414; *Frank* v. *King*, 121 Ill. 250.

The question of fraudulent intent (or lack of good faith) is a question of fact, which must be established by extrinsic proof. Direct evidence is not essential, however, for said intent may be established by circumstances which indicate its existence. (*Adams* v. *Deem*, 296 Ill. App. 571.) Among the factors which have come to be recognized as indicia of fraud and the lack of good faith are the following: (1) The debtor is insolvent at the time of the conveyance or is rendered insolvent by the conveyance. (*Dillman* v. *Nadelhoffer*, 162 Ill. 625; *Birney* v. *Solomon*, 348 Ill. 410; *Reisch* v. *Bowie*, 367 Ill. 126.) (2) There is no consideration for the conveyance, or the consideration received is inadequate or grossly disproportionate to the value of the property. *Reisch* v. *Bowie*, 367 Ill. 126; *Frank* v. *King*, 121 Ill. 250; *Adams* v. *Deem*, 296 Ill. App. 571.

Where the conveyance constituting the preference is made by the debtor to his wife, this court has held (1) the proof should be clear and satisfactory that the wife has a valid, subsisting debt and (2) where the debtor is thereby rendered insolvent, the burden of dispelling the implication of fraud as against the pre-existing creditors is upon the debtor and his grantee. *Dillman* v. *Nadelhoffer*, 162 Ill. 625; *Birney* v. *Solomon*, 348 Ill. 410.

The undisputed evidence in this case discloses the following: At the time of the conveyance, Banks was unemployed, and he was insolvent in the sense that he was

unable to pay his debts or obligations as they matured in due course. His only asset prior to the execution of the deed was his interest in this real estate which was valued at over $20,000. His wife knew he had debts and that creditors were pressing him for payment. In addition, she was aware that creditors were seeking to satisfy their claims by sale of the property.

He testified that he first talked about executing the deed around January 1, 1952, the day before the conveyance was made. Mrs. Banks said, however, that she had a "two year discussion" with him concerning it.

We shall consider initially those payments which Mrs. Banks argues furnished consideration for the transfer but which the master found did not create *bona fide* debts: namely, (1) the automobile payments, (2) the unemployment compensation payment, (3) the Federal income tax payment, and (4) the so-called loan of $500. As to none of these items was there any note, receipt, I.O.U., or other written evidence, nor were the checks or other means of payment labelled as a loan. No security was given for any of them, despite Mrs. Banks' knowledge of her husband's financial straits, and no serious demand or attempt to secure payment was ever made. (Cf. *Dillman* v. *Nadelhoffer,* 162 Ill. 625; *Frank* v. *King,* 121 Ill. 250.) Moreover, Banks in his testimony did not support his wife's claim that these payments were intended to create valid debts.

As to the automobile payments, there is sufficient evidence to support the master's finding that this was a family automobile, and the payments she made were not intended to create valid, subsisting debts. Mrs. Banks at one point said "it was really my automobile," and later said she continued to make the payments because her daughter and son "wanted to keep the car."

As to the unemployment payment, the master also properly concluded that this advance by the wife did not create a *bona fide* debt. In March, 1950, Banks was operating a

barber shop, and this tax was incurred in connection with that business. After a field man for the State called at their home, her husband told her of this debt which he owed the State. She told him that he should pay it because "it is a blot on me . . . it would be a reflection on me." When he said he had no money, they "figured all day long" and finally she "took him down to the bank and got a cashier's check and gave it to him and he paid it." While she stated that he said "loan me the money and I will go down and pay it," she apparently had personal reasons for wanting it paid. Under the circumstances, these reasons, volunteered by her, are as credible as a claim of loan.

The Federal income tax payment which Mrs. Banks advanced was made to satisfy their joint liability since they filed joint tax returns. She made no mention of any agreement or understanding for repaying this amount.

The $500 cash advance was described by her as a loan, but there is little additional evidence regarding it. There is no showing that any demand for payment was made, nor was any note or other memorandum of the indebtedness ever created by the parties. Accordingly, the master concluded that the advance did not create a *bona fide* debt and did not constitute valid consideration for the conveyance.

As aforesaid, the law requires in cases of this nature that the proof be clear and satisfactory that the wife has a valid, subsisting debt and where the debtor is thereby rendered insolvent by the preference, the burden of dispelling the implication of fraud as against the pre-existing creditors is upon the debtor and his grantee. We, therefore, conclude that as to all of the foregoing items the findings of the master are supported by the evidence and are not manifestly against the weight of the evidence.

As has been pointed out, the master found that the $1300 payment which Mrs. Banks made on January 2, 1952, did create a valid debt, and the court decreed that

as to this debt she should be reimbursed *pro rata* with the appellee from the proceeds of sale. She argues, however, that this item was adequate consideration for the conveyance. The deed itself recited a "consideration of less than $100.00," which statement Mrs. Banks is shown to have noticed. It has been held in cases of this nature that because of such a recital the grantee is debarred from showing any other consideration than that contained in the instrument. (See 37 C.J.S., p. 1264.) But even if the $1300 was intended to be consideration for the deed, the master correctly concluded that under the circumstances it was not adequate consideration, since the property had a stipulated value in excess of $20,000.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*