**Surety Development Corporation, a Delaware Corporation, Plaintiff-Appellant, v. Gus G. Grevas and Christine E. Grevas, Defendants-Appellees.**

**Gen. No. 11,725.**

Second District, First Division.

August 7, 1963.

Ancel, Stonesifer, Houpt & Riley, of Chicago (Louis Ancel and Francis X. Riley, of counsel), for appellant.

 

Robert A. Cox, of Glen Ellyn, for appellees.

SMITH, J.

When is a house a home? In our context a house is a home when it can be lived in. But when is that: When substantially completed or completely completed? We posit the question, because the answer is decisive.

Plaintiff sells prefabricated houses. Defendants selected one of their models, styled "Royal Countess, elevation 940." A contract was signed. The cost was $16,385; completion date September 27, 1961. Around 4:00 p. m. on that date defendants refused to accept the house asserting noncompletion. Plaintiff then sued for the balance due and defendants counterclaimed for their downpayment. Both alleged performance by them and nonperformance by the other. The legal issue is therefore relatively simple: Who performed and who didn't. The facts are more elusive—plaintiff at times says one thing, defendants another. We narrate them briefly.

On the morning of the twenty-seventh, "Royal Countess, elevation 940" was far from being a house, let alone a home. Racing the clock, plaintiff initiated a crash program. When defendants arrived on the scene at 4:00, at plaintiff's behest for final inspection, the crash program was still crashing—workmen were all over the place, slapping on siding, laying the floors, bulldozing the yard, hooking up the utilities, and so on. Defendants' tour was not a success, to put it mildly. Instead of a home, they found, to their dismay, a hive buzzing with activity. They did not tarry, in spite of the foreman's assurances that all would be right by 5:30. Nor did they come back. They should have. Believe it or not, the foreman was right. The job *was* substantially completed by 5:30, with only a service walk, some grading and blacktopping left undone.

269

■ ■ The trial court found that the house had been substantially completed and concluded that there had been, therefore, substantial compliance with the contract and with this we agree. But because the house was not completely completed, it found that there had not been *complete* compliance. With this, too, we agree, but such finding is beside the point. Substantial—not complete—compliance in a construction contract is all that is required. By 5:30, there had been just that, in other words, substantial performance of the contract. Plaintiff's contretemps in having inspection set for 4:00 o'clock was hardly the way to make friends and influence people, but such happenstance is of no moment in determining whether or not there had been substantial compliance, unless such can be said to indicate bad faith. We do not think that it does. What it indicates is bad timing, not bad faith.

That substantial performance or compliance is the key needs no extensive citation. In Bloomington Hotel Co. v. Garthwait, 227 Ill 613, 81 NE 714, it was said:

"Literal compliance with the provisions of a contract is not essential to a recovery. It will be sufficient if there has been an honest and faithful performance of the contract in its material and substantial parts and no willful departure from or omission of the essential points of the contract."

In 12 Ill L & P 547, Contracts, Section 402, it is said:

"In building contracts a literal compliance with the provisions of the particular contract, and the plans, specifications and drawings, is not necessary to a recovery by the contractor. It is sufficient that there is a substantial performance in good faith or that there is an honest and faithful performance of the contract in its material and substantial parts, with no willful departure from,

or omission of, the essential points of the contract."

No substantial sum was required to complete the items left undone. Nor were they of so essential a character that defendants could not have been ensconced in their new home that night if they had so desired. We have thus answered our question: A house is ready to be lived in, to become a home, when it has been substantially completed.

■ Defendants make one further point. By motion they assert that plaintiff waived its right of appeal by having paid the judgment on the counterclaim. The court conditioned such payment upon a reconveyance by defendants of title to the premises which they had held so that a mortgage could be obtained. Their argument is that this constituted an acceptance by plaintiff of the benefits of the adverse judgment, if such a thing is possible. No waiver occurred. The appeal is not rendered moot by payment, conditioned though it was on reconveyance. Plaintiff's choice was either to pay or to seek a stay. The judgment is therefore appealable regardless of their choice and so long as they made it in time. This they did.

The issue of damages was never reached except on the counterclaim. Since the court should have found for plaintiff and against defendants, there must be a determination apropos thereof. Accordingly, the judgment below is reversed and remanded with directions to enter judgment for plaintiff on their complaint and against defendants on their counterclaim and thereafter to determine plaintiff's damages.

Reversed and remanded with directions.

McNEAL, PJ and DOVE, J, concur.