Anthony J. Broncata and Janice A. Broncata, Plaintiffs-Appellees, v. Timbercrest Estates, Inc., a Corporation, Defendant-Appellant.

Gen. No. 52,628.

First District, First Division.

September 30, 1968.

Shaffer, Seelig, Mandel & Shapiro, of Chicago (Robert S. Atkins, of counsel), for appellant.

Equi, Farwell & Murray, of Oak Park (William F. Rickelman, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an action brought by Anthony Broncata and Janice A. Broncata, his wife, to recover damages from Timbercrest Estates, Inc., for breach of a construction contract. The plaintiffs allege that the defendant failed to perform in connection with the construction of plaintiffs' home. The case was submitted to the Court without a jury, and after a trial, judgment was entered for the

plaintiffs and against the defendant in the amount of $1,145. Defendant appeals.

On August 4, 1965, the plaintiffs entered into a contract with the defendant for the purchase of a home to be built by the defendant, on a lot located at 105 Cedar Court, Schaumburg, Illinois. The price of the home was to be $24,015. The home purchased by plaintiffs was in a project of 140 homes constructed by defendant in Schaumburg. A home was constructed by the defendant on the property and plaintiffs moved in on December 13, 1965. The contract provided that the house was to be constructed "in a good, substantial and workmanlike manner . . . according to specifications attached and included as part of the purchase contract and to be similar to Model #18 located at 17 Treebark Court, Schaumburg, Illinois."

In their complaint, plaintiffs alleged that the defendant breached its contract with plaintiffs, specifying seventeen items, and prayed for $5,000 in damages. The defendant denied in its answer any failure on its part to comply with the contract and further alleged that the plaintiffs having moved into their home and accepting it without complaint, waived any and all objections relative to patent defects.

After a trial, the court found that plaintiffs were entitled to recover in the amounts specified for the following defects which correspond to the letters designated in the complaint:

(a) A precast cement fireplace hearthstone was defective and has completely cracked through. $225.00

(d) The bedroom hardwood floors were improperly sanded, leaving unsightly marks and grooves. $70.00

(e) The dry wall taping was improperly performed leaving numerous unsightly marks and seams. $300.00

(i) Four feet of concrete foundation is exposed and unsightly and not covered by face brick. $400.00

(k) The crawl space was not vented. $24.00

(q) The concrete driveway from garage to street was not installed. $126.00

Totalling $1,145.00

██ ██ Initially, the defendant contends that the evidence was clearly insufficient to support the judgment for the plaintiffs on items (a), (d), (e), and (i). The defendant argues that in building contracts a literal compliance with the provisions of the particular contract is not necessary to a recovery by the contractor. "It is sufficient that there is a substantial performance in good faith or that there is an honest and faithful performance of the contract in its material and substantial parts, with no willful departure from, or omission of, the essential points of the contract." 12 Illinois Law & Practice, Contracts, § 402; Bloomington Hotel Co. v. Garthwait, 227 Ill 613, 81 NE 714; Surety Development Corp. v. Grevas, 42 Ill App2d 268, 192 NE2d 145. This argument is without merit as applied to the case at bar. Even where the contractor shows substantial performance, the homeowner must be allowed a credit as compensation for the deficiencies existing in what he got as compared to what strict performance would have given him. Watson Lumber Co. v. Guennewig, 79 Ill App2d 377, 226 NE2d 270. Thus, while substantial performance by the contractor will prevent the homeowner from avoiding his contract, the doctrine is irrelevant in a case where the homeowner has already paid the full purchase price and is suing for damages resulting from deficiencies in defendant contractor's performance.

The evidence shows that the plaintiff, Mrs. Broncata, made numerous complaints to the defendant about defective workmanship during the one-year guarantee period.

The defendant sent tradesmen to the house on numerous occasions in an effort to remedy the defects and satisfy the plaintiff. For example, the defendant had the hearthstone, item (a), in the fireplace replaced after receiving a complaint that it was cracked. Three weeks later Mrs. Broncata said it cracked again. There was conflicting testimony as to whether the cracks were caused by the alleged faulty construction of the fireplace, by excessive heat on the stone or by a heavy weight falling on the stone.

When Mrs. Broncata complained of gouges and scratches in the bedroom hardwood floors, the defendant sent a floor sander to her house. The floor sander got rid of the gouges, but the sanding left spots of slight discoloration, item (d).

There was conflicting testimony as to item (e), involving dry wall taping and nail pop marks. The defendant's architect testified that the number of nail pops in the plaintiffs' house was less than normal for a house of that age and that nail popping is an inherent problem when dry wall construction is used. He said "most people would live with it." The architect also testified that a person walking above the ceiling or the presence of excessive moisture could have caused the dry wall tape to fall in the living room and the kitchen and that poor workmanship was not the only possible cause of the defect.

Item (i), four feet of exposed concrete foundation, was the subject of another conflict in testimony. The contract provided that the plaintiffs' house would be similar to the "Spencer" model erected in the subdivision. The "Spencer" model had its lower windows at grade level. Due to the steep elevation of the plaintiffs' lot, a change in the front elevation of the house was necessary, resulting in the exposed four feet of foundation. These changes were discussed with and accepted by the plaintiffs. Mrs. Broncata testified that the defendant's supervisor said he

would put brick under the front windows and that their home would look like the model. The builder put in an additional four feet of brick work below the windows of the family room, but refused to do anything insofar as the right side of the stairs was concerned and suggested that the Broncatas cover it up with shrubs.

■ The defendant insists that the acceptance of the house without complaint by the buyers constitutes a waiver of all patent defects such as the exposed four feet of foundation and scratched and unsightly bedroom floors. Beck Coal Co. v. Peterson Mfg. Co., 237 Ill 250, 86 NE 715; Van Buskirk v. Murden, 22 Ill 446; but see Ma-Girl v. Hastings, 120 Ill App 276. The same contention was made in Brownell Improvement Co. v. Critchfield, 96 Ill App 84, affd 197 Ill 61, 64 NE 332. The Court did not agree that the acceptance by the appellees in that case barred a subsequent claim for defects because "[t]here was no absolute and unconditional acceptance of the work by appellees." 96 Ill App 84, 89. Thus, in order for an acceptance to constitute a waiver, the acceptance must be absolute and unconditional. In the instant case there was no waiver of the finishing work to be done on the premises because the acceptance by occupancy was made conditional by the fact that both parties had agreed that the exterior work would be finished later.

■■ As to all the foregoing items we cannot say, as we must to reverse, that the judgment was clearly and palpably against the weight of the evidence. Ward v. Illiopolis Food Lockers, Inc., 9 Ill App2d 129, 132 NE2d 591. Where an appeal is taken on the ground that the judgment is against the manifest weight of the evidence, it is not enough to show that there is sufficient evidence to support a contrary judgment. To be successful, the evidence in behalf of the party prosecuting the appeal must be so strong and convincing as to completely overcome the evidence and presumptions, if any, existing in

favor of the opposing party. People v. Wilmington Coal Co., 402 Ill 161, 83 NE2d 741. We have reviewed the record and conclude that the findings of the Court are within the range of the testimony and are not against the manifest weight of the evidence.

■ ■ Objections to item (k) have been withdrawn. As to item (q), regarding the driveway, the defendant urges that they were prevented from completing the driveway by the plaintiffs' conduct and thus, are excused from liability. The trial judge made a reasonable allowance for the driveway and in our opinion the matter was fairly concluded. We find no merit to the contention that it was necessary for the plaintiffs to file a reply to the affirmative defense. Under section 32 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 32), no reply is necessary where an affirmative defense only raises a question of law. We believe the issues were clearly established by the complaint and answer.

The judgment appealed from must therefore be affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.