Montgomery Ward & Company, an Illinois Corporation, Plaintiff-Appellant, v. Henry Simmons, a/k/a Henry H. Simmons, Ewing Kennedy and Ella Kennedy, Defendants-Appellees.

Gen. No. 70–7.

Third District.

August 19, 1970.

Harold C. Lounsberry, of Rock Island, for appellant.

Winstein, Kavensky & Wallace, of Rock Island, for appellees.

STOUDER, J.

Plaintiff-Appellant, Montgomery Ward & Company, brought this action in the Circuit Court of Rock Island County against Henry Simmons, Ewing Kennedy and Ella Kennedy, Defendants-Appellees, seeking to set aside a deed from Simmons to the Kennedys as being in fraud of creditors. The action was dismissed after plaintiff had presented its evidence, the motion therefore being described as a motion for a directed verdict. Since no jury was involved, reference to a verdict was not the correct phraseology but the purport of defendants' motion was for judgment in their favor which as applied to the particular proceeding, meant that the defendants sought to have the complaint dismissed for want of equity. Plaintiff has appealed from the dismissal of its cause of action.

On February 1, 1967, Montgomery Ward & Company brought suit against Henry Simmons and Modeana Nabors, to recover for merchandise purchased on the Simmons' charge account during 1964 and 1965. Judgment for $695 was entered on this claim on October 25, 1967.

Henry Simmons and his wife conveyed the property which is the subject of this proceeding, to the Kennedys, Ella Kennedy being the daughter of the wife of Henry Simmons.

Details of the conveyance were elicited from Ewing and Ella Kennedy, called by plaintiff as adverse witnesses under section 60. Their testimony was the only evidence regarding this issue.

According to their testimony, the property involved was low value income property subject to a mortgage in the amount of $2,600. The conveyance was subject to such mortgage and no monetary consideration was given by the Kennedys to Simmons for the conveyance. At the time of the conveyance and prior thereto, the building on the property was in such a poor state of repair that it had been condemned by the Rock Island authorities and would have to be either torn down or substantially repaired. Henry Simmons, the record owner, was at the time old, unemployed and without funds to do anything with the property. Ewing Kennedy was willing and able to undertake the subtantial repairs required and did so after the conveyance. Such work included completely rewiring the building, installing a new heating system, as well as other necessary repairs. It also appears that at the time of the transfer, Ella Kennedy indicated to Simmons that he could always have a home with them. Simmons did not live in the subject property, so no question of homestead is involved. Neither of the Kennedys had any knowledge of the Montgomery Ward claim or the pending legal action relating thereto.

Plaintiff argues that on the basis of the foregoing facts, it made out a case of fraud uncontradicted by any other evidence.

It is not claimed that either Simmons or the Kennedys are guilty of fraud in fact, and there is no suggestion that the evidence indicates that there was any deliberate intention to defraud creditors by the conveyance. Rather,

the basis for setting the deed aside is referred to sometimes as fraud in law or constructive fraud.

■ ■ Thompson v. Williams, 6 Ill2d 208, 127 NE2d 457 and Till v. Till, 87 Ill App2d 358, 231 NE2d 641, discuss the principles applicable to constructive fraud. The principles relating thereto are designed to implement the general equitable maxim that a party ought to be just before being generous. The general principle is that where there has been a voluntary transfer without consideration or for an inadequate consideration which hinders or delays the rights of creditors against the transferor, such transfer will be deemed to be fraudulent and set aside. No specific intent to defraud is required and it is the effect of the transfer under the circumstances which is the gist of the action. Birney v. Solomon, 348 Ill 410, 181 NE 318. Where the transfer is between members of a family, the burden is upon the debtor or his transferee to rebut the implication of improper intent and to show that the transfer was in good faith.

■ ■ Based on the authorities cited above, there is little doubt that the plaintiff in the case at bar made out a prima facie case. However, the same testimony presented evidence rebutting such prima facie case. It is our view that such rebuttal evidence raising a question of fact as it did, amply supported the trial court's action and its resolution of the factual issue in favor of defendants. That there may be evidence which would have supported a contrary result does not render the trial court's decision erroneous. Broncata v. Timbercrest Estates, Inc., 100 Ill App2d 569, 241 NE2d 569.

■ We do not regard the promise of the Kennedys to provide a home for Simmons as consideration for the transfer, the promise was entirely executory and created no equities superior to those of creditors. On the other hand, the facts indisputably show that the value of the property at the time of transfer was speculative and

189

contingent and whether it was retained by Simmons or transferred would have no effect on the rights of creditors in the collection of their claims. Furthermore, equities of the Kennedys intervened between the transfer and the commencement of this action. As indicated above, substantial repairs were made on the building in good faith and under such circumstances, there is evidence from which the trial court could have properly concluded that setting aside the conveyance would be inequitable.

For the foregoing reasons, the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.