**John Wesley WHEELER,
Plaintiff-Appellant,**

v.

**ST. CLAIR COUNTY HOSPITAL DISTRICT NO. 1, a/k/a Osceola Hospital District, d/b/a Sac-Osage Hospital, Defendant-Respondent.**

No. 60012.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1977.

Plaintiff-Appellant's Motion for Rehearing, or in Alternative to Modify Denied; As Modified on Court's own Motion Nov. 14, 1977.

Glenn Burkart, Springfield, for plaintiff-appellant.

Robert J. Keeter, Springfield, for defendant-respondent.

SEILER, Judge.

A summary judgment was granted defendant hospital district on its plea of sovereign immunity in this action by plaintiff for the wrongful death of his wife, a patient in the hospital, resulting from a fire which allegedly was caused by the defendant's negligence. The court of appeals, Springfield district, affirmed the action of the trial court. On application of plaintiff, we ordered transfer. This case is one of several which were argued in this court on the same date involving the question of governmental immunity for tort liability and its disposition on this appeal is controlled by our decision handed down this same date in the case of *Jones v. State Highway Commission*, Mo., 557 S.W.2d 225. For the reasons there set forth, we hold that the defense of governmental immunity

from tort liability is no longer available as a defense in this case.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

BARDGETT, FINCH and RENDLEN, JJ., concur.

MORGAN, C. J., and HENLEY and DONNELLY, JJ., dissent.

PER CURIAM.

Plaintiff has filed a motion for rehearing or in the alternative to modify the opinion to extend the abrogation of the defense of sovereign immunity to six other civil actions growing out of the same hospital fire from which the present case arose, all timely filed and pending in the circuit court of St. Clair County, awaiting that court's determination of motions for summary judgments filed by defendant hospital district based upon the defense of sovereign immunity. All of these cases are for wrongful deaths. Three were filed in May–July, 1975 and the other three in November–December, 1976. The same attorneys represent defendant hospital district in the other cases as in the present case. In five of the six cases the same attorneys representing plaintiff in the present case represent plaintiffs in those cases. Counsel for plaintiff states that these six cases were "by common understanding of counsel in the trial court, permitted to remain pending on said motions for summary judgments to await appellate determination of the trial court's sustension of the motion for summary judgment in the instant case, thereby converting the instant case into a test case, the result of which would be controlling upon disposition of the pending motions for summary judgments in said six other cases." Counsel for plaintiff states further that the present case "was arbitrarily selected by the counsel for appellant with agreement of counsel for respondent as the case to be determined on appeal in order to expedite appellate review and minimize expense in the form of multiple transcripts on appeal, appellate docket fees, briefs and the expenditure of time."

Counsel for plaintiff relies upon the Illinois decision of *Molitor v. Kaneland Community Unit District, No. 302*, 24 Ill.2d 467, 192 N.E.2d 145 (1962), which he says involves a similar situation. In Illinois in 1959 in the first *Molitor* case, the Illinois court abolished sovereign immunity as to school districts. The first case to be appealed involved only Thomas Molitor, one of the children who were injured in the school bus accident. The Illinois court abolished the doctrine as to the case before it but made it prospective otherwise.

Thereafter, Thomas Molitor's three siblings and four other children sought abrogation of the defense as to their claims which had arisen out of the same school bus accident. In the second *Molitor* case, cited above, the Illinois court extended the abrogation to include these other cases. However, in that case the facts were that there was a clear understanding on the part of the trial court and counsel that one of the cases would go up on the question of whether or not the complaint stated a good cause of action and that would be the basis for determining the future course of the other cases as well as the one that was appealed. So the case of Thomas Molitor was selected as a test case and then when these other cases reached the court (after the trial court had ruled against the plaintiffs on basis of sovereign immunity), it in effect upheld the agreement and abrogated the doctrine as to the companion cases also. Counsel for plaintiff maintains the same situation exists here, that the instant case was to be a test case.

Counsel for defendant hospital district concedes that there are six other such cases, timely filed, with common counsel as stated by plaintiff, but is not directly responsive in his counter suggestions to the assertion made by counsel for plaintiff that there was an agreement that the present case would be a test case and that the outcome of the other cases would be decided accord-

ingly. Counsel for respondent puts it this way: "It was agreed, between counsel in the Wheeler, Lowry and May suits, then pending, and St. Clair County Hospital District No. 1, that said motion for summary judgment would be called before the court in only the Wheeler suit and, in the event said motion was sustained, an appeal would be pursued only in the Wheeler suit."

 Hence, we are not able to say with confidence that the parties are in agreement that the situation with respect to the various claims growing out of the hospital fire and how the other cases were to be treated is the same as in the *Molitor* cases, namely, that it was mutually understood and accepted that the decision on the first appeal would be the basis for determining the other plaintiffs' claims arising out of the same accident and then pending against the same defendant. On the record before us we are unable to determine whether the plaintiffs in the other six cases are entitled to relief under the circumstances. It probably will involve the hearing of evidence to determine whether there was such an agreement and understanding with reference to the other cases and such hearing, of course, should take place at the trial level with appropriate findings of fact and conclusions of law by the trial judge. If the situation is in fact comparable to what it was in the second *Molitor* case, then the various plaintiffs will be in a position to urge that they be treated accordingly.

The motion for rehearing or to modify is therefore overruled.