J-M BUILDERS & SUPPLIES CORP., Plaintiff-Appellant, v. CRESTON H. McINTYRE et al., Defendants-Appellees.

Second District   No. 76-505

Opinion filed January 19, 1978.

James W. Keeling, of Thomas & Thomas, of Rockford, for appellant.

Joseph L. Polito, of South Beloit, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, J-M Builders & Supplies Corporation, filed suit to foreclose a mechanic's lien arising out of a written contract for the sale and installation of siding on property in South Beloit, Illinois, owned by defendants, Creston and Frieda McIntrye. The Macktown State Bank, originally one of the defendants, was dismissed from the suit before trial. Following a bench trial, the trial court found that plaintiff was entitled to a mechanic's lien, and entered judgment for the plaintiff in the sum of $1,348 plus costs of suit. In determining the amount of the judgment, the trial court allowed the defendants a credit of $3,000 for the cost of correcting the defects in the installation. Plaintiff appeals, contending that the trial court erred in allowing the credit for correcting the defects because the trial court had made a finding that plaintiff had substantially performed the contract.

■■ We have examined the authorities cited to us and find no authority for the contention that a finding of substantial performance on the part of a builder precludes the giving of a credit for repairing defects. Just the opposite is the case in Illinois. In the recent case of *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 356 N.E.2d 565, the court stated in pertinent part:

> "The purchaser who receives substantial performance of the building contract must pay the price bargained for, less a credit as compensation for deficiencies existing in what he received as compared to what strict performance would have given him. *Watson Lumber Co. v. Guennewig* [(1967), 79 Ill. App. 2d 377, 226 N.E.2d 270]; *Broncata v. Timbercrest Estates, Inc.* 100 Ill. App. 2d 49, 241 N.E.2d 569; *Ed Keim Builders, Inc. v. Webb,* 1 Ill. App. 3d 375, 274 N.E. 2d 192; 13 Am. Jur. 2d *Building and Construction Contracts* §80, at 82 (1964)" 42 Ill. App. 3d 668, 673, 356 N.E.2d 565, 570.

■■ Next, the plaintiff contends that the trial court did not use the proper measure of damages. In *Brewer v. Custom Builders Corp.* the court stated in pertinent part:

"As a general rule, the measure of damages or the credit due the purchaser, when performance by the builder has been less than full performance, is the cost of correcting the defects or completing the omission, rather than the difference in value between what ought to have been done in full performance and what was actually done. But this general rule only applies where the correction or completion would not involve unreasonable destruction of the work done by the contractor and the cost thereof would not be grossly disproportionate to the results obtained. If to repair the defects or omissions would require a substantial tearing down and rebuilding of the structure, the measure of damages is the difference in value between the work if it had been performed according to the contract and that which was actually performed." (42 Ill. App. 3d 668, 674, 356 N.E.2d 565, 570.)

Plaintiff argues that in the instant case the correction of the alleged defects necessitates the total destruction and rebuilding of the improvement; in particular plaintiff contends that defendants removed the siding, and that therefore the trial court should have used the "value method" instead of the "cost of correction method."

■■ We disagree. In our view, the exception to the general rule stated above, contemplates the situation where, for example, correction of the defects in the siding installation would require that the building be torn down and rebuilt. The correction of the defects here will not involve an unreasonable destruction of plaintiff's work as the record reflects that the necessary corrections could only be made if the siding installed by plaintiff was removed. Nor is the $3,000 credit for the cost of making the corrections disproportionate to the results which will be obtained by the undertaking of such repairs. The trial court, therefore, properly determined the credit as being the cost of correcting the defects in the installation of the siding.

■■ Assuming that the proper measure of damages was the cost of correcting the defects rather than the difference in value, plaintiff further asserts that there was no credible evidence in the instant case upon which the trial court could base its finding that defendants were entitled to a $3,000 setoff. We disagree.

On this issue, Raymond McIntyre, son of defendant Creston McIntyre, and who as a subcontractor installed siding and plastered houses, testified that in his opinion the cost of correcting the defects in the siding installation would be $3,000 to $3,500. No other testimony on the cost of correcting the defects was offered by the defendants or the plaintiff.

■■ Plaintiff also argues that defendants foreclosed plaintiff from any opportunity to repair its work by their repudiation of the contract and their subsequent dismantling of the siding improvement. However, the record clearly supports the finding of the trial court that defendants had informed plaintiff by letter that they could not use plaintiff's work at any price, and that they requested plaintiff to remove the siding from the house within 30 days; plaintiff failed to take any action in response to this letter and thereafter, defendants and members of their family removed the siding. Nor do we find any merit to plaintiff's contention that defendants had accepted the work and therefore their only remedy was to sue for damages under the 30-year warranty contained in the contract. Although the trial court found that there was substantial performance of the contract, we note that the evidence was conflicting as to whether the work was actually accepted by defendants. No specific finding of acceptance of the work was made by the trial court and therefore, we must assume the trial court found against plaintiff's contention on this point. Without detailing the conflicting evidence presented at trial with respect to the existence of the defects in the installation of the siding, we conclude that the record supports the findings of the trial court, and that the allowance of the $3,000 credit to the defendants was proper.

Accordingly, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.