ROBERT T. HARRIS, d/b/a Harris Supply Company, Plaintiff-Appellee, *v.* AIMCO, INC., *et al.*, Defendants-Appellants.

Fifth District    No. 77-431

Opinion filed October 17, 1978.

Charles R. Vaughn, of Olney, for appellants.

Brazitis & Croegaert, of Olney (Paul A. Croegaert, of counsel), for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

In the circuit court of Richland County the plaintiff, Robert T. Harris, doing business as Harris Supply Company, brought two causes of action against the defendants, alleging in count I that the defendant, Aimco, Inc., owed the plaintiff $7,362.10 for certain drilling materials and supplies purchased by the corporation from the plaintiff. Count II sought to set aside, as a fraudulent conveyance, a transfer of real estate from Aimco to John Donald Baines and Julie Marlene Baines. In a bench trial the court granted judgment in favor of the plaintiff on both counts. The defendants appeal only from the judgment entered on count II.

Aimco, Inc., was organized by defendant Donald Baines, who was the sole director, officer and majority shareholder. On July 25, 1967, Aimco, Inc., acquired a single-family residence by warranty deed. On January 23, 1971, the corporate defendant conveyed the said residence by warranty deed to defendants John D. Baines and Julie M. Baines, the minor children of the defendant, Donald Baines.

The record reflects that on January 23, 1971, Aimco had $101,236 in debts and there is no contention made by the defendant that the corporation was solvent at the time the property was transferred to John D. Baines and Julie M. Baines. The defendants contend that the transfer to the children was not fraudulent, but rather was for valuable consideration, specifically, for certain oil and gas leases in Wyoming which had been previously conveyed.

The trial court found that the transaction conveying the residential property by warranty deed to the children of Donald Baines was without any valuable consideration, and was done with the specific intent to defraud creditors. The court therefore declared the sale null and void as to creditors.

The defendants allege that the finding of a fraudulent conveyance

was against the manifest weight of the evidence and that therefore the decision of the trial court should be reversed.

Sections 4 and 5 of "An Act * * * in relation to frauds and perjuries" (Ill. Rev. Stat. 1973, ch. 59, pars. 4, 5) provide that any transfer with intent to hinder or defraud creditors or other persons is void (except with certain exceptions for the benefit of bona fide purchasers). If the transfer is set aside, the person or entity to which the transfer was made is required to turn over the proceeds of the transfer.

The question of fraudulent intent is a question of fact. Intent, however, need not be proven by direct evidence but may be proven by circumstantial evidence surrounding the transaction. *Allan Drey Co. v. Generation, Inc.*, 22 Ill. App. 3d 611, 317 N.E.2d 673; *Olds v. Adams Clark Building Corp.*, 277 Ill. App. 157.

In the instant case, the asset transferred was a single-family residence. Although Aimco, Inc., was the titled owner of the property, it was used by Donald Baines as his personal residence. Also, after the property was transferred to the children of Donald Baines, he continued to reside there.

Counsel for the defendant alleges that the transfer of the residence was actually a repayment of a debt to the children for a past transaction concerning Wyoming oil and gas leases. According to the defendants, in 1968 Aimco delivered certain oil and gas leases in Wyoming to a trust set up for the minor children of Donald Baines in return for $11,600 from the trust. The agreement purportedly called for Aimco to repurchase the leases from the trust within 60 days for $13,500. The only evidence of this transaction was letters from the defendant Donald Baines to the trustee indicating that the transfer had occurred. No checks were introduced, no ledger sheets from the trust nor the corporation were introduced, nor were any deeds to the oil and gas leases introduced by the defendant.

An ex-employee of Aimco, Inc., in fact its sole employee, testified that any record of the transaction would have appeared on the corporate books, but that he could not recall whether such transaction appeared. The corporation books and records were not introduced at trial.

■ There are two classes of fraudulent conveyances. If there is consideration for a conveyance, the fraudulent intent must be proved. If there is no consideration or inadequate consideration, then fraud is presumed from the circumstances surrounding the transaction. (*Wilkey v. Wax*, 82 Ill. App. 2d 67, 225 N.E.2d 813.) When the circumstances show fraud, the burden of dispelling the presumption of fraud and showing that actual consideration was given for the transaction is upon the debtor or the person to whom the property was conveyed. (*Thompson v. Williams*, 6 Ill. 2d 208, 127 N.E.2d 457.) Sufficient evidence of valuable consideration for the transaction was not established in this case by the defendants.

■■ Even had there been some consideration for the transaction and had the children of Donald Baines been actual creditors of the corporation, a debtor may not prefer one creditor over the others with the intent to defraud other creditors when the transaction in fact does defraud other creditors. *Zwick v. Catavenis*, 331 Ill. 240, 162 N.E. 869.

● 3 There is also evidence that the corporation was heavily in debt at the time of the transaction, and no evidence was introduced by the defendant corporation that it was actually solvent at the time of the transaction. If an entity is insolvent, the burden of dispelling the implication of fraud implied from a transaction to a family member, which transaction hinders the rights of others, is upon the debtor and the donee of the property. (*Birney v. Solomon*, 348 Ill. 410, 181 N.E. 318.) A voluntary conveyance to a child, even if the intent is not to defraud, may be set aside if it in fact defrauds creditors. *Reisch v. Bowie*, 367 Ill. 126, 10 N.E.2d 663.

■■ In the instant case, the weight of the evidence points to a fraudulent conveyance. The transfer of the residential property was made directly to the children of Donald Baines and not to the trust to which the debt was allegedly owed; Donald Baines, the sole director, officer and majority shareholder of Aimco, Inc., continued to reside in the home after the transfer to the children; the corporation, Aimco, Inc., was insolvent at the time of the transfer, and the transfer did operate to defraud creditors of the corporation. The evidence before the trial court was sufficient to find that a fraudulent conveyance occurred, and the trial court did not err in setting aside the transfer of the residence to John D. Baines and Julie M. Baines.

Finding no error, we affirm the judgment of the trial court.

Affirmed.

G. J. MORAN and KARNS, JJ., concur.