NO. 5-96-0499

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

ARCH OF ILLINOIS, INC.,              )  Appeal from the 

                                     )  Circuit Court of

     Plaintiff-Appellant,            )  Perry County.  

                                     )

v.                                   )  No. 91-L-36

                                     )     

S.K. GEORGE PAINTING CONTRACTORS,    )

INC.,                                )

                                     )

     Defendant and Third-Party       )

     Plaintiff-Appellee,             )

                                     )

v.                                   )

                                     )

THE SHERWIN-WILLIAMS COMPANY,        )  Honorable

                                     )  James W. Campanella,

     Third-Party Defendant-Appellee. )  Judge, presiding.  

_________________________________________________________________

JUSTICE MAAG delivered the opinion of the court:  

The plaintiff, Arch of Illinois, Inc. ("Arch"), entered into a contract with S.K. George Painting Contractors, Inc. ("S.K. George"), whereby S.K. George was to apply one coat of primer and one coat of enamel to Arch's preparation plant in Percy, Illinois.  The total amount of the contract was $59,000.  

After the new paint allegedly started peeling off the surface of the plant, Arch filed suit against S.K. George in Perry County Circuit Court for breach of contract.

S.K. George then filed a third-party complaint against The Sherwin-Williams Company ("Sherwin-Williams") for breach of the implied warranties of fitness for a particular purpose and merchantability, alleging that it had supplied defective paint.  Sherwin-Williams subsequently filed a counterclaim against S.K. George, alleging negligence and improper application of the paint by S.K. George.  Later, Arch amended its complaint to add Sherwin-Williams as a direct defendant.

During discovery, Arch disclosed the amount of its claimed damages, based upon three bids for the cost of repair.  The bids ranged from $120,000 to $248,000 to sandblast the peeling paint, prime the surface, and repaint the preparation plant.

In April 1996, Sherwin-Williams filed a motion 
in
 
limine
 to preclude Arch from presenting evidence at trial of the cost to repair.  The circuit court granted the motion but certified the following question for our review:  "Should evidence of the cost to repair damages be excluded by a motion 
in
 
limine
 in an industrial breach of contract case?"  Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), we allowed the appeal.

Specifically, Arch contends:

1. A motion 
in limine
 may not be granted if it would exclude relevant evidence;

2. The cost of repair is relevant evidence in an industrial construction breach of contract case; and

3. A jury must determine both the amount of damages and the method which should be used to measure those damages. 

S.K. George is not a party to this appeal.

It is well settled in Illinois that the measure of damages for a breach of contract when a builder has provided less than full performance or has provided defective performance is generally the cost of correcting the defective condition.  
Park v. Sohn
, 89 Ill. 2d 453, 464, 433 N.E.2d 651, 657 (1982).  However, two exceptions exist.  First, if the defects can only be corrected at a cost unreasonably disproportionate to the benefit to the purchaser, or second, if correcting the defects would entail an 
unreasonable
 destruction of the builder's work, then the measure of damages is the amount by which the defects have reduced the value of the property as a whole.  
Park
, 89 Ill. 2d at 464, 433 N.E.2d at 657; 
Wells v. Minor
, 219 Ill. App. 3d 32, 40, 578 N.E.2d 1337, 1343 (1991); 
Brewer v. Custom Builders Corp
., 42 Ill. App. 3d 668, 674, 356 N.E.2d 565, 570 (1976).

The determination of which measure of damages to apply is usually a question for the jury.  The jury should be permitted to hear evidence on both the cost of repairs and the diminution in value.  
Wells
, 219 Ill. App. 3d at 40-41, 578 N.E.2d at 1343.  Then, the jury should be instructed that the usual measure of damages is the cost of correcting the defects and that the diminution-in-value method applies only if it finds that one of the two exceptions exists.  
Wells
, 219 Ill. App. 3d at 41, 578 N.E.2d at 1343.  

The defendant argues that diminution of value is the proper method to measure damages here because (1) the plaintiff's estimates to sandblast and repaint the plant are unreasonably disproportionate to the "price of the original contract", and (2)  correcting the defects will necessarily involve destroying all of the original paint work.  The defendant's argument is misplaced.

First, the defendant would have us compare the cost of correcting the defects to 
the original contract price
.  This is not the law.  The test calls for the use of the diminution-in-value standard if the cost to correct the defects is unreasonably disproportionate in relation to 
the benefit to the purchaser
.  This does not require a comparison to the original contract price, although that figure may be relevant in determining the benefit received by the purchaser.  

Second, the defendant suggests that because sandblasting and repainting the plant would entail destroying all of the original work, the diminution-in-value method is proper.  We disagree.

Only when correcting the defects would involve the "unreasonable destruction" of a contractor's work will the diminution-in-value standard apply.  It is not merely the destruction of the original work that must be considered.  Rather, it is 
unreasonable
 destruction.  Under the defendant's position, the cost-of-repairs method could never be used if the contractor's work was substantially or entirely defective because correcting the defects would almost always entail redoing the faulty, original work. 

The correct construction of the rule requires the application of the diminution-in-value method when correcting the defective work would result not only in discarding the defective work but also in destroying, for example, those portions of a building which were largely free of defects.  

In 
J-M Builders & Supplies Corp. v. McIntyre
, 56 Ill. App. 3d 714, 372 N.E.2d 420 (1978), the court was faced with a similar question involving the defective installation of siding on a building.  The contractor in that case argued that because correction of the alleged siding defects would necessarily involve the destruction of all of the original siding work performed, the measure of damages should have been the diminution in value of the property.  
McIntyre
, 56 Ill. App. 3d at 716, 372 N.E.2d at 421.  The court disagreed, stating:  

"The correction of the defects here will not involve an unreasonable destruction of plaintiff's work as the record reflects that the necessary corrections could only be made if the siding installed by the plaintiff was removed."  
McIntyre
, 56 Ill. App. 3d at 716, 372 N.E.2d at 422.

The same logic applies here.  If a paint job is substantially or completely defective and peeling, then completely undoing the faulty work so that the structure can be repainted does not amount to 
unreasonable
 destruction of the contractor's work.

We conclude that the circuit court erred in granting the defendant's motion 
in limine
 with regard to evidence of the cost of repairs.  We express no opinion on whether the facts justify damages for cost of repairs or diminution in value.  That is a question for the jury to decide after hearing the evidence and applying the law to the facts.

The order of the circuit court granting the motion 
in
 
limine
 is hereby reversed, and the case is remanded the to the circuit court for further proceedings consistent with this order.  

Reversed and remanded.  

KUEHN, P.J., and HOPKINS, J., concur.