Barbara Larson, a Minor, etc., Appellant, v. Kaneland Community Unit District No. 302, Appellee.

Linda Larson, a Minor, etc., Appellant, v. Kaneland Community Unit District No. 302, Appellee.

Sherry Bullington, a Minor, Richard Bullington, a Minor, and Roger Bullington, a Minor, etc., Appellants, v. Kaneland Community Unit District No. 302, and James H. Meredith, Appellees.

Gen. No. 11,855.

Second District.

October 21, 1964.

Lasswell & Eilert, of Geneva (Roy S. Lasswell, Benn E. G. Eilert and Harold G. Sodergren, of counsel), for appellants.

Burrell & Holtan, of Freeport (David M. Burrell, of counsel), for appellee.

ABRAHAMSON, P. J.

This is an appeal from the trial court order granting defendants' motion to strike and dismiss plaintiffs' petitions under Section 72 of the Civil Practice Act, to vacate judgments, set aside jury verdicts and for new trials for the plaintiffs.

The plaintiffs were minor children injured while passengers in a bus owned by Kaneland Community Unit District No. 302, driven by one James Meredith. Complaints were filed in the Circuit Court of Kane County on behalf of the plaintiffs and the cases were consolidated for trial which resulted in verdicts and judgments as follows:

| | |
|---|---|
| Sherry Bullington (now Garvin) | $20,000 |
| Linda Larson (now Warren) | 18,000 |
| Barbara Larson (now Linden) | 10,000 |
| Richard Bullington (now Garvin) | 500 |
| Roger Bullington (now Garvin) | 100 |

The trial occurred on September 26th, 1960. Subsequently, the judgments were paid in full and satis-

fied by the guardians appointed by the Probate Court of Kane County. During the trial the jury was properly instructed that the recovery was limited to the amount of insurance coverage of $20,000 pursuant to the holding in Thomas v. Broadlands Community Consol. School Dist. No. 201, 348 Ill App 567, 109 NE2d 636, a 1952 case: ". . . immunity from tort liability of a quasi-municipal corporation is required or justified by the need for the protection of the public funds, and when liability insurance is available to so protect the public funds, the reason for the rule of immunity vanishes to the extent of the available insurance."

At the time of the trial, however, our Supreme Court in Thomas Molitor v. Kaneland Community Unit Dist. No. 302 (Dec 16, 1959), 18 Ill2d 11, 163 NE2d 89, authorized the recovery by one Thomas Molitor, a minor, who was likewise injured in the same accident, abolished the immunity principle, and made it prospective except as to Thomas Molitor. In March of 1962 in Norma Molitor v. Kaneland Community Unit Dist. No. 302 (May 23, 1962), 24 Ill2d 467, 182 NE2d 145, the Supreme Court stated:

"While there was no written stipulation that the rule applied in the Thomas Molitor appeal would be the basis for determining the cases then pending against defendant, the conduct of all parties and the trial court reveal that it was commonly understood and accepted that this court's ruling on the dismissal of Thomas Molitor's claim would be the basis for determining the other claims arising out of the same bus accident and then pending against defendant."

The Supreme Court reinstated the complaints of the eight appellants therein involved and trials were had and substantial jury verdicts were returned, far in

excess of the $20,000 limit in this case. The Legislature then appropriated $750,000 to relieve the defendant, Kaneland, of an insurmountable burden.

The plaintiffs in this appeal had already proceeded to verdict and filed satisfactions of their judgments prior to the determination of the Norma Molitor decision, supra, by the Supreme Court.

The plaintiffs urged the trial court to exercise equitable powers to prevent a miscarriage of justice, contending the average verdicts of the plaintiffs herein amounted to $9,000 while the verdicts of the remaining minor children involved in the same accident, after the abolition of immunity, averaged $90,000. No contention was made nor does the record reveal any basis for a conclusion that a retrial would produce any other result as to these plaintiffs except the possibility of the plaintiff, Sherry Bullington, who obtained a $20,000 verdict, the limit of the coverage. We conclude that the trial court proceedings were conducted satisfactorily and proper representation was had by the attorneys for the minors. The guardians were in attendance during the trial, and it must be concluded that as to all of the plaintiffs, except Sherry Bullington, there was no miscarriage of justice. The attorneys representing Sherry Bullington well knew that the total insurance coverage was in the amount of $100,000 and that there were pending claims in excess of $2,000,000 and in the exercise of judgment proceeded to trial at the earliest possible date, anticipating perhaps, right or wrong, that a priority or preference of the available insurance funds would accrue to the plaintiffs. Adopting the words of the defendants herein, without the gift of prophecy no lawyer involved could have foreseen what the Supreme Court would do in the future. We conclude that Sherry Bullington was not a victim of a miscarriage

of justice and deem it unnecessary to decide whether or not the trial court had authority to grant relief under the equitable powers of the court.

The guardian of the Garvin minors contends her attorney misinformed her as to the status of the law up to the date of the trial and that her first intimation of a limitation was revealed during the opening remarks of counsel to the jury and that such concealment was a material fact preventing her from exercising her judgment as to whether or not the case should voluntarily proceed to trial. If this is true, there appears no reason why at the time of the trial, upon learning of the limitation, the guardian could not have made objection to the proceeding either to her attorney or to the trial judge, and in fact, as a guardian appointed by the Probate Court it was incumbent upon her to do so. We see no merit in this contention to warrant a new trial.

The plaintiffs further allege that there was at least a practical consolidation of all fourteen Kaneland cases, which upon filing notice of appeal in the Molitor case, ousted the trial court of jurisdiction. This contention is predicated upon two grounds, the first of which is the language appearing in the Norma Molitor case, supra, wherein the Court stated: ". . . Thomas Molitor's claim would be the basis for determining the other claims arising out of the same bus accident. . . ." This language is construed to be limited to the parties involved in the case. The parties herein were not parties appellant nor did they appear in that case. The second point urged is that the motion to consolidate all of the fourteen cases pending in the trial court by Kaneland was likewise an indication of a practical consolidation. The order entered in the trial court at the time of the hearing upon the motion to consolidate reads as follows:

"IT IS HEREBY ORDERED that said Motion be continued generally to be called for hearing on two days' notice."

This order on its face is not an order of consolidation. We do not construe these two contentions as a practical consolidation of all fourteen Kaneland cases.

Our attention is called to the proceedings had during the course of this litigation in furtherance of the plaintiffs' contentions, which may briefly be summarized as follows: The insurance carrier tendered in open court the total coverage of $100,000 and asked to be relieved of further responsibility. The trial court refused the offering, requiring the carrier to provide costs and expenses of the defense. The Molitor minors sought to enjoin the plaintiffs herein and others from proceeding to trial during the pendency of the appeals, the purpose of which appears to be to prevent the exhaustion of the proceeds of insurance coverage. In addition, for the same reason, the court refused to approve a payment of $35,000 of the insurance fund suggesting that a reasonable allowance of time should be given to the guardians of the remaining minors to negotiate for offers or to perfect their claims. None of these proceedings appears to substantiate the position of the plaintiffs that the trial should be held in abeyance until the disposition of the Molitor appeals. We construe the effect of the rulings therein to the contrary.

When the plaintiffs tried their personal injury suits to verdict and judgment they were limited to a recovery not exceeding the insurance coverage.

The judgment of the trial court will therefore be affirmed.

Judgment affirmed.

CARROLL and MORAN, JJ., concur.