Earl M. JEPSON and Sylvia Koehler, Plaintiffs-Appellants-Petitioners,

v.

Allen STILEN and State Farm Fire & Casualty Company and Kenneth Rohan, Sr., Ruth Rohan and Capitol Mutual Insurance Company, Defendants and Third-Party Plaintiffs-Respondents,

Paul GRUETZMACHER, Marie Gruetzmacher, Edward Dammier and Mrs. Edward Dammier, Third-Party Defendants. [Case No. 85–1832.]

Kathy LAUX, John Laux and Karen Laux, Plaintiffs-Appellants-Petitioners,

v.

Allen STILEN, State Farm Fire & Casualty Company, Kenneth Rohan, Sr., Ruth Rohan and Capitol Mutual Insurance Company, Defendants-Respondents. [Case No. 85-1833.]

Robert MELLIN, individually, and Robert Mellin as Special Administrator of the Estate of Christine Mellin, Plaintiff-Appellant-Petitioner,

Patricia MELLIN, Plaintiff,

v.

Allen STILEN, State Farm Fire & Casualty Company, Kenneth Rohan, Sr., Ruth Rohan and Capitol Mutual Insurance Company, Defendants and Third-Party Plaintiffs-Respondents,

Paul GRUETZMACHER, Marie Gruetzmacher, Edward Dammier, Mrs. Edward Dammier and Earl Jepson, Third-Party Defendants. [Case No. 85–2125.]

Supreme Court

*Nos. 85-1832, 85-1833, 85-2125. Filed September 17, 1986.*

(Also reported in 393 N.W.2d 93.)

For the plaintiffs-appellants-petitioners there was a petition for review by *Ronald S. Aplin* and *Johnson, Weis, Paulson & Priebe, S.C.*, Rhinelander.

For the respondents there was a response to the petition for review by *Randall Skiles* and *Sterns & Skiles*, Madison; and *Michael Siddall* and *Herrling, Clark, Hartzheim & Siddall, Ltd.*, Appleton.

PER CURIAM. Plaintiffs have requested review of a court of appeals' order summarily affirming a judgment of the circuit court for Waupaca county, the Honorable N. Patrick Crooks, presiding, dismissing their actions alleging negligence on the part of defendants. The issue is whether the rule in *Koback v. Crook*, 123 Wis.2d 259, 366 N.W.2d 857 (1985), establishing liability against social hosts for negligent acts resulting from the furnishing of alcoholic beverages to minors, should be applied to the instant cases under an exception to its otherwise prospective application, similar to that announced in *Harmann v. Hadley*, 128 Wis.2d 371, 382 N.W.2d 673 (1986).

Because all three actions arise out of the same accident, an incident which occurred prior to the accidents

in both *Koback* and *Harmann,* we believe they should be entitled to utilize the theory of liability in *Koback.* Accordingly, we grant the petition for review, summarily reverse the order and judgment of both lower courts pursuant to sec. 809.21(1), Stats., and remand to the circuit court for further proceedings.

According to the allegations of the complaints, Earl Jepson, Kathy Laux and Christine Mellin were minors attending a party at the Rohan residence on January 11, 1981. Beer was available, some of it purchased by another minor, defendant Allen Stilen, and by the third-party defendants, the Gruetzmachers. Jepson, Laux and Mellin subsequently were passengers in a vehicle being driven by Duane Dammier, another minor who was at the party. The vehicle struck another, killing Dammier and Mellin and injuring Jepson and Laux.

The Jepson action was commenced first on October 5, 1982. It was alleged that the various defendants were negligent in furnishing intoxicants to minors, knowingly permitting the consumption of intoxicants by minors, etc., all proximate causes of the accident. On June 14, 1983, the circuit court considered a motion for summary judgment of dismissal by the defendants. They argued that the status of Wisconsin law was that there was no recognition of a claim for relief based on these facts. Jepson argued in opposition that the precise facts of this case had not yet been litigated—a minor passenger injured as a result of alcohol furnished by adult hosts and minor co-guests. Without substantial explanation, the circuit court apparently agreed that there was some possibility that this claim for relief had not been foreclosed and therefore the motion to dismiss should be denied.

The Laux and Mellin actions were not commenced until January 10, 1984, and later were consolidated with the preexisting Jepson matter. All three actions proceeded toward trial in circuit court and were pending as of April 30, 1985, the date this court announced its decision in *Koback*. While *Koback* recognized a theory of liability similar to that advocated in the instant matters, its ruling was made applicable only prospectively to instances where the conduct which caused the injury occurred on or after September 1, 1985. As the result of *Koback*, the circuit court dismissed all three instant actions on June 6, 1985. The court of appeals summarily affirmed.

However, on March 6, 1986, this court in *Harmann* recognized a limited exception to the prospective application of *Koback*. *Harmann*, involving essentially the same facts as *Koback*, had actually reached this court first on a petition to bypass which was denied. This court recognized that but for its denial of the petition to bypass, *Harmann* could very well have been the case to present this liability issue rather than *Koback*. Hence it was concluded that the plaintiff in *Harmann* should not be penalized and should receive the benefit of the *Koback* change in the law.

The question in these consolidated actions is whether any or all should receive the benefit of *Koback* through an exception similar to *Harmann*. Jepson's contention is that since the date of the accident and the date of filing of his complaint preceded that in both *Koback* and *Harmann*, and the only reason his case reached the appellate courts later was because he was initially successful in convincing the circuit court of the validity of his claim, he should receive an exception to

the prospective application of *Koback*. It is further contended that the other two actions, although commenced later, should receive the same relief because they arose out of the same accident and ultimately were consolidated with the preexisting Jepson matter.

We agree with plaintiffs' position and are of the opinion that all three actions should be permitted to proceed in the circuit court under the theory of liability announced in *Koback* subject, of course, to whatever other defenses may exist. All three actions concern an accident that occurred prior to the accidents in both *Koback* and *Harmann*.

The Jepson action additionally involves a complaint that was filed prior to the complaints in *Koback* and *Harmann* and, but for favorable circuit court treatment, might have reached this court first and served as the vehicle for the change in law announced in *Koback*. As we stated in *Harmann*, a "chance, but determinative, circumstance" such as timing, over which a party has little control, should not work to his disadvantage. 128 Wis. 2d at 383, 382 N.W.2d at 678.

As for the Laux and Mellin actions, although they were commenced after Jepson, *Koback* and *Harmann*, we believe that within the context of this case the right of action accruing to one party as the result of a particular accident should be available to all similarly situated parties regardless of when the actions, otherwise timely, were commenced in relation to each other. It is a basic tenet of our judicial system that individuals similarly situated should be treated similarly. *Harmann, supra,* at 384; 382 N.W.2d at 679. *See generally Molitor v. Kaneland Community Unit District No. 302,* 24 Ill.2d 467, 182 N.E.2d 145 (1962) (multiple plaintiffs from same

accident entitled to prospective appellate ruling even though only one plaintiff brought the appeal as a "test case").

Accordingly, we conclude that these actions may assert the theory of liability stated in *Koback*.

IT IS ORDERED that the petition for review is granted; the order of the court of appeals and judgment of the circuit court are summarily reversed; and this case is remanded to the circuit court for further proceedings consistent with this opinion.