(No. 89226.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CORTEZ BROWN, Appellant.

*Opinion filed October 18, 2002.—Modified on denial of rehearing March 31, 2003.*

RARICK, J., took no part.

Charles M. Schiedel, Deputy Defender, and Allen H. Andrews, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

James E. Ryan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (William L. Browers, Assistant Attorney General, of Chicago, and Renee Goldfarb, William L. Toffenetti, Julie Line Bailey and Christine Cook, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

In the circuit court of Cook County, defendant, Cortez Brown, was convicted of murder and sentenced to death. On direct appeal, this court affirmed defendant's conviction, but vacated his death sentence and remanded for a new sentencing hearing. *People v. Brown*, 169 Ill. 2d 132, 153, 164 (1996). Following the new sentencing hearing, a jury found defendant eligible for the death penalty and further determined that there were no mitigating circumstances sufficient to preclude the imposition of that sentence. Accordingly, the trial court sentenced defendant to death. That sentence has been stayed pending direct review by this court. Ill. Const. 1970, art. VI, § 4(b); 134 Ill. 2d Rs. 603, 609(a). For the reasons that follow, we dismiss defendant's appeal as moot.

## BACKGROUND

In 1992, defendant was convicted in a bench trial of the June 8, 1990, murder of Curtis Sims and was sentenced to death. On direct appeal, this court affirmed defendant's conviction, but granted him a new sentencing hearing because his waiver of a jury for sentencing was invalid. *People v. Brown*, 169 Ill. 2d 132, 153, 164 (1996). In a separate proceeding, held before defendant was tried and convicted for the Sims murder, a jury found

defendant guilty of the September 16, 1990, murder of Delvin Boelter, and defendant was sentenced to a 35-year prison term. While defendant's appeal was pending in this court for the Sims murder, the appellate court reversed defendant's conviction for the Boelter murder and remanded that cause for a new trial. *People v. Brown*, No. 1—92—2732 (1995) (unpublished order under Supreme Court Rule 23).

On remand, defendant's two causes were assigned to separate trial courts. Defense counsel in this case asked the trial court to preclude the State from conducting the Boelter retrial before defendant was resentenced for the Sims murder. After hearing argument from defense counsel and the State, the trial court denied defense counsel's request. Thereafter, on February 2, 1997, defendant was again convicted for the murder of Boelter and was sentenced to a 35-year prison term.

On August 25, 1999, jury selection for defendant's new sentencing hearing for the Sims murder commenced. Upon completion of the second stage of the sentencing hearing, and after considering evidence in aggravation and mitigation, the jury found no mitigating factors sufficient to preclude imposition of the death penalty. Accordingly, the trial court sentenced defendant to death.

Defendant appealed directly to this court under Supreme Court Rules 603 and 609(a) (134 Ill. 2d Rs. 603, 609(a)). We filed a decision in the matter on October 18, 2002. The State successfully moved to stay our mandate pending *certiorari* proceedings, and defendant subsequently filed a petition for rehearing. While this matter remained pending in this court on rehearing, the Governor, on January 10, 2003, commuted defendant's death sentence to a sentence of life imprisonment without the possibility of parole.

## ANALYSIS

The defendant raises several challenges to the

propriety of his remand for a new sentencing hearing. However, our review of this matter has been affected by the Governor's actions. Although we issued a written decision in this case on October 18, 2002, in which we vacated defendant's death sentence, as noted, the State moved on November 8, 2002, for a stay of our mandate pending the filing of *certiorari* proceedings in the United States Supreme Court. We allowed the motion on November 19, 2002.[1] In addition, defendant's filing of his petition for rehearing in November 2002 prevented our decision from being considered final. See *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291(1981); *Glasser v. Essaness Theatres Corp.*, 346 Ill. App. 72 (1952); *Berg v. Allied Securities*, 193 Ill. 2d 186, 191-92 (2000) (Freeman, J., specially concurring) (noting that when a petition for rehearing is filed, the judgment of the reviewing court does not become final until the petition is denied). Thus, once defendant filed a petition for rehearing in this case, the original October 18, 2002, decision was not a final one and was subject to modification. In light of the foregoing, on January 10, 2003, the date of the Governor's commutation action, defendant remained under an existing sentence of death.

An appellate issue is moot when it is abstract or presents no controversy. *People v. Blaylock*, 202 Ill. 2d 319, 325 (2002). An issue can become moot if circumstances change during the pendency of an appeal that prevent the reviewing court from being able to render effectual relief. *People v. Jackson*, 199 Ill. 2d 286, 294 (2002). In the case at bar, defendant raises issues dealing solely with his death sentence. As we have explained, subsequently to the filing of his petition for rehearing and the State's commencement of *certiorari* proceedings,

---

[1]The State had 90 days, or until January 18, 2003, to file its petition for *certiorari* in the United States Supreme Court. See U.S. Supreme Court R. 13.

the Governor commuted defendant's death sentence to natural life imprisonment without the possibility of parole. Commutation removes the judicially imposed sentence and replaces it with a lesser executively imposed sentence. *People ex rel. Johnson v. Murphy*, 257 Ill. 564, 566 (1913); Black's Law Dictionary 274 (7th ed. 1999). Thus, the commutation rendered the sentencing issues raised by defendant in this appeal moot. See, *e.g.*, *Lewis v. Commonwealth*, 218 Va. 31, 38, 235 S.E.2d 320, 325 (1977); *State v. Mitchell*, 239 Or. 87, 88, 396 P.2d 572, 573 (1964). We therefore must dismiss the appeal as moot.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed as moot.

*Appeal dismissed.*

JUSTICE RARICK took no part in the consideration or decision of this case.