FIRST DIVISION
March 31, 2006

No. 1-05-0146

MICHAEL BROWN, Individually and as )   Appeal from the
Independent Administrator of the )   Circuit Court of
Estate of MICHAEL BROWN, JR., )   Cook County.
Deceased, and JEANNE BROWN, )
Individually, )
           )
         Plaintiffs-Appellees, )
           )
           v. )
           )
DAVID JAIMOVICH, M.D., CRITICARE )
SYSTEMS, LTD., JAVEED AKHTER, M.D., )
and ADVOCATE CHRIST MEDICAL CENTER, )
d/b/a ADVOCATE CHRIST HOSPITAL AND )
MEDICAL CENTER and d/b/a HOPE )
CHILDREN'S HOSPITAL, )
           )
         Defendants-Appellants, )
           )
           and )
           )
(George Skarpathiotis, M.D., George )
Skarpathiotis, M.D., S.C., a )
corporation, Chicago Pediatrics, )
Ltd., a corporation, Palos )
Pediatrics, Ltd., a corporation, and )
Companion Care Medical Group, Inc., )
Suburban Pediatric Pulmonology )   Honorable
Associates, S.C., Jaidid, LLC, )   Michael J. Hogan,
Defendants). )   Judge Presiding.

     JUSTICE BURKE delivered the opinion of the court:

     Defendants David Jaimovich, M.D., Criticare Systems, Ltd.,

Javeed Akhter, M.D., and Advocate Medical Center, doing business as

Advocate Christ Hospital and Medical Center and doing business as

of the Hope Children's Hospital appeal from an order of the circuit

court converting them from respondents in discovery to defendants

1-05-0146

under section 2-402 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-402 (West 2004)), in plaintiffs Michael Brown, individually and as the independent administrator of the Estate of Michael Brown, Jr., and Jeanne Brown's medical malpractice action against defendants. This matter is before us on interlocutory appeal pursuant to the following question certified by the trial court:

> "Whether a trial court had discretion to extend the six-month statutory window for conversion set forth in 735 ILCS 5/2-402 after the September 25, 2003 decision in *Robinson v. Johnson*, 346 Ill. App. 3d 895, 809 N.E.2d 123, 284 Ill. Dec. 1 (1st Dist. September 25, 2003) (No. 1-02-2121), rehearing denied (Mar. 22, 2004), opinion supplemented on denial of rehearing by *Robinson v. Johnson*, 346 Ill. App. 3d 895, 2004 WL 594098 (1st Dist. Mar. 25, 2004), and subsequently order conversion of respondents in discovery to defendants after the initial six-month statutory window had expired."

For the reasons set forth below, we answer the certified question in the affirmative, as limited.

STATEMENT OF FACTS

2

1-05-0146

This lawsuit arose as a result of the death of plaintiffs' eight-year-old son due to the alleged negligence of certain entities and individuals. On April 11, 2003, plaintiffs filed their complaint against Dr. George Skarpathitis, George Skarpathiotis, M.D., S.C., a corporation, Chicago Pediatrics, Ltd., and Palo Pediatrics, Ltd. and named, *inter alia*, Dr. Javeed Akhter, Companion Care Medical Group, Inc., Suburban Pediatric Pulmonology Associates, S.C., Jaidad, LLC, Dr. David Jaimovich, Criticare Systems, Ltd., and Advocate Christ Medical Center as respondents in discovery. Pursuant to section 2-402, plaintiffs had until October 11 to convert respondents in discovery into defendants. Thereafter, plaintiffs submitted discovery requests to Akhter. On June 2, plaintiffs also submitted discovery requests to Jaimovich. On September 3, Akhter answered plaintiffs' discovery. On September 18, plaintiffs filed a motion to extend the time for discovery and to extend the time to convert respondents in discovery for 120 days to February 11, 2004, because, in part, respondents had not answered discovery and had not appeared for depositions.

On September 25, 2003, the *Robinson* court answered the following certified question in the negative: "whether a trial court has discretion pursuant to Illinois Supreme Court Rule 183 (134 Ill. 2d R. 183) to extend the six-month statutory period set forth in section 2-402 *** for converting respondents in discovery to defendants." *Robinson*, 346 Ill. App. 3d at 897-98.

3

1-05-0146

Subsequently, the *Robinson* plaintiff filed a petition for rehearing and the court granted leave to the Illinois Trial Lawyers Association to file an *amicus curiae* petition for rehearing. *Robinson*, 346 Ill. App. 3d at 907.

On September 26, the trial court here, unaware of *Robinson*, granted plaintiffs' motion to extend to February 11, 2004. On October 6, Dr. Akhter cancelled his deposition that had been previously scheduled and confirmed for this date. On October 23, Akhter filed a motion to terminate his status as a respondent in discovery and to reconsider the court's September 26 order based on *Robinson*. Six days later, Advocate Christ Medical Center filed a motion to terminate its status as a respondent in discovery. On October 30, the trial court set a briefing schedule and set a status date for December 22.

On December 2, plaintiffs filed an emergency motion for an extension of time to file a response to Dr. Akhter's motion to reconsider, which the trial court granted, giving plaintiffs until December 13 to respond, and set the case for status on January 13. On December 12, the trial court granted plaintiffs' additional emergency motion for an extension to respond, and continued defendants' motion to terminate and reconsider for status on January 13.

On January 13, 2004, the trial court continued defendants' motions to terminate and reconsider to March 15. On February 11, plaintiffs filed an emergency motion to extend time to convert

4

respondents into defendants on the basis respondents filed motions to reconsider and a petition for rehearing was pending in *Robinson*. Plaintiffs' motion was continued to February 17. On February 12, Dr. Jaimovich answered plaintiffs' discovery requests propounded in June 2003. On February 17, the trial court continued plaintiffs' emergency motion to extend time to convert to March 15. On March 15, the trial court continued defendants and plaintiffs' motions to March 20 for status.

On March 25, the *Robinson* court denied the petitions for rehearing, but supplemented and modified its opinion. On rehearing, the *Robinson* court addressed the applicability of section 2-1007 of the Code, "Extension of Time and Continuances," to the issue at hand as well as prospective versus retroactive applicability of its ruling. The *Robinson* court held that

> "our decision that Supreme Court Rule 183 does not provide a basis to extend the six-month time limit of section 2-402 applies only to those cases in which plaintiffs sought and received extensions of their section 2-402 motions beyond that section's six-month time limit commencing after the date of our decision in this case." *Robinson*, 346 Ill. App. 3d at 911.

On April 7, plaintiffs filed a motion to convert certain respondents in discovery into defendants, including defendants

before this court.  On April 19, a briefing schedule was set with a status date set for June 16.   On May 3, plaintiffs filed their brief in support of probable cause for conversion.  Thereafter, defendants filed responses to plaintiffs' motion to convert. However, on June 2, plaintiffs filed an emergency motion to strike the briefing schedule based on the fact the plaintiff in *Robinson* had filed a petition for leave to appeal (PLA) to the supreme court, requesting that their motion to convert be continued until the supreme court resolved the PLA.  The trial court granted plaintiffs' motion to strike the briefing schedule and set a status date for June 30.  On June 30, the trial court continued the case to October 13.

On October 6, the supreme court denied the PLA filed in *Robinson.*  On October 13, the trial court in the instant case set the matter for status on November 5 and thereafter set the case for hearing on December 6.  On December 6, the trial court granted plaintiffs' motion to convert respondents in discovery to defendants, denied defendants' motions to terminate status as respondents in discovery, and denied defendants' motions to reconsider its order of September 26, 2003.  At a hearing on this date, plaintiffs' counsel in argument indicated that the reason for the delay in ruling on motions in this case was because the parties and court were waiting for the *Robinson* issue to be decided.  None of respondents' attorneys objected to this comment, nor did they argue to the contrary in their arguments.  Thereafter, plaintiffs

6

filed their amended complaint, adding respondents in discovery as defendants.

On January 4, 2005, Dr. Akhter filed an emergency motion to reconsider the court's December 6, 2004, order or, in the alternative, to clarify the appellate court's language and to certify a legal question of law for appeal. Dr. Jaimovich and Criticare joined this motion. The trial court denied the motion to reconsider, but granted the motion to clarify and certify a question for appeal. On January 13, the trial court entered an order allowing defendants an immediate appeal and certified for appeal the question set forth above. Thereafter, Akhter filed a petition for leave to appeal the certified question in this court pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), joined by Advocate Christ Medical Center, Criticare Systems, Ltd., and Jaimovich, which we granted.

ANALYSIS

The rules with respect to our review of certified questions are well-settled:

> " 'This court's examination in an interlocutory appeal is strictly limited to the questions certified by the trial court and, as with all questions of law, is a *de novo* review.' [Citation.] We will ordinarily not expand the question under review to answer

other questions that could have been included but were not. [Citations.] Our task is to answer the certified questions rather than to rule on the propriety of any underlying order. [Citation.] 'In the interests of judicial economy and reaching an equitable result, however, a reviewing court may go beyond the certified question[s] and consider the appropriateness of the order giving rise to the appeal.' [Citations.]" *Fosse v. Pensabene*, 362 Ill. App. 3d 172, 177, 838 N.E.2d 258 (2005).

Section 2-402 provides in pertinent part:

"A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." 735 ILCS 5/2-402 (West 2004).[1]

---

[1]The following language had been added to the statute in 1995, but was held unconstitutional in 1997: "No extensions of this 6 month period shall be permitted unless the plaintiff can show a failure or refusal on the part of the respondent to comply with

1-05-0146

---

timely filed discovery."  See *Best v. Taylor Machine Works*, 179
Ill. 2d 367, 689 N.E.2d 1057 (1997).  Additionally, the statute has
again been amended, effective January 1, 2006.  The paragraph now
reads:

> "A person or entity named as a respondent in
> discovery in any civil action may be made a
> defendant in the same action at any time
> within 6 months after being named as a
> respondent in discovery, even though the time
> during which an action may otherwise be
> initiated against him or her may have expired
> during such 6 month period [*sic*].  An
> extension from the original 6-month period for
> good cause may be granted only once for up to
> 90 days for (i) withdrawal of plaintiff's
> counsel or (ii) good cause.  Notwithstanding
> the limitations in this Section, the court may
> grant additional reasonable extensions from
> this 6-month period for a failure or refusal
> on the part of the respondent to comply with
> timely filed discovery."  735 ILCS 5/2-402
> (Supp. 2006).

9

Defendants contend that the trial court erred in granting plaintiffs' motion for an extension and in ultimately converting them to defendants nine months after the modified decision in *Robinson* because its conduct was contrary to *Robinson*, which, according to clear Illinois law, became effective on September 25, 2003, not March 25, 2004, since rehearing was not granted and the sole modification was an addition to the opinion making application of its ruling prospective.[2] Defendants also argue that plaintiffs do not fall within the class of plaintiffs prospective application was intended to protect because *Robinson* sought to only protect plaintiffs who had received extensions before the court's ruling and where respondents in discovery had actually been converted to defendants, which is not the case here. Defendants also maintain that prospective application of the *Robinson* holding was not available and was unwarranted because the court did not create a new rule of law. In this regard, defendants argue that *Robinson* should have retroactive application.[3]

Plaintiffs contend that the trial court did not err in

_____

[2] Defendants state on at least four occasions that the **sole** modification to the *Robinson* opinion was adding prospective language. This is clearly erroneous as detailed above. *Robinson* also addressed the applicability of section 2-1007 to the issue at hand.

[3] We decline to address this argument. The *Robinson* court concluded that prospective application was proper and defendants have not cited any authority that we have the ability to second guess or reverse that determination.

10

granting their extension and allowing conversion because *Robinson* became effective on March 25, 2004, and they had sought and received an extension prior to this date. Plaintiffs also argue that *Robinson* is ambiguous regarding the effective date of its decision since the court failed to specify which date it was referring to and, under principles of justice and fairness, such ambiguity should be construed in their favor. Plaintiffs maintain that to apply the *Robinson* ruling to them would result in the inequity *Robinson* sought to avoid and would severely prejudice them.

The question before us, when did the *Robinson* ruling, particularly its prospective application, become effective is not clearly answered by application of Illinois law. There is no question that Illinois courts have held that

> "the filing of a petition for rehearing does not alter the effective date of the judgment of a reviewing court unless that court allows the petition for rehearing, in which event the effective date of the judgment is the date that the judgment is entered on rehearing. (See 73 Ill. 2d R. 367(a).)" *PSL Realty Co. v. Granite Investment Co.*, 86 Ill. 2d 291,

305, 427 N.E.2d 563 (1981).[4]

See also *Berg v. Allied Security, Inc.*, 193 Ill. 2d 186, 191-92, 737 N.E.2d 160 (2000); *Hickey v. Riera*, 332 Ill. App. 3d 532, 542, 774 N.E.2d 1 (2001); *People v. Brooks*, 173 Ill. App. 3d 153, 157, 527 N.E.2d 436 (1988). It is equally true there is no question that Illinois courts have held that, when a petition for rehearing has been filed, the judgment of the appellate court does not become final until the petition is denied. *Glasser v. Essaness Theatres Corp.*, 346 Ill. App. 72, 89, 104 N.E.2d 510 (1952). This is so because the "power to vacate a judgment during term is inherent in all courts." *Glasser*, 346 Ill. App. at 89. See also *People v. Brown*, 204 Ill. 2d 422, 425, 792 N.E.2d 788 (October 18, 2002), *modified upon denial of rehearing*, March 31, 2003 (although the supreme court issued a written decision on October 18, 2002, it held that because the defendant had filed a petition for rehearing, the October 18 decision was not final and was subject to modification); *Berg*, 193 Ill. 2d at 192 (holding that the appellate court's original July 1, 1999, decision was not final because the defendants had filed petitions for rehearing).

With respect to the first rule of law above, none of the cases

---

[4]Rule 367(a) says nothing about the effect of a petition for rehearing on the court's decision.

setting forth this rule dealt with a modified opinion upon denial of rehearing that added prospective application of its ruling analysis. In each of those cases, the supplemental opinion upon denial of rehearing dealt with a change that did not relate to the original holding. The forerunning case and apparently the first to announce the rule was *PSL Realty Co.*, relied upon by defendants. In *PSL Realty Co.*, the appellate court reviewed a trial court order entering a temporary restraining order (TRO) and appointing a receiver. *PSL Realty Co.*, 86 Ill. 2d at 303. On July 23, 1976, the appellate court issued its decision, dissolving the TRO and receivership. However, the appellate court remanded the cause to the circuit court for a determination of the proper amount of fees and expenses to be paid to the receiver for its past work. *PSL Realty Co.*, 86 Ill. 2d at 304. Both parties filed petitions for rehearing, but neither challenged the dissolution of the receivership. *PSL Realty Co.*, 86 Ill. 2d at 304. The appellate court entered a supplemental opinion upon denial of rehearing on September 23, 1976. *PSL Realty Co.*, 86 Ill. 2d at 304. The question before the supreme court was what was the effective date of the judgment of the appellate court. *PSL Realty Co.*, 86 Ill. 2d at 304. In *PSL Realty Co.*, the petitions for rehearing were not allowed, but were denied. *PSL Realty Co.*, 86 Ill. 2d at 305. However, the original opinion was modified on denial of rehearing, but only as to the matters to be considered on remand. Accordingly, the *PSL Realty Co.* court held that the "judgment of

13

the appellate court entered on July 23, 1976, was final as to the dissolution of the receivership." *PSL Realty Co.*, 86 Ill. 2d at 305. More specifically, the supplemental opinion "did nothing to alter the holding of the original opinion" and "confirmed the holding of the original opinion." *PSL Realty Co.*, 86 Ill. 2d at 310. As such, July 23, 1976, was the effective date of the appellate court's decision.

In *Brooks*, also relied upon by defendants, the question before the court was whether the decision in *People v. Zehr*, 103 Ill. 2d 472, 469 N.E.2d 1062 (March 23, 1984), *modified upon denial of rehearing*, September 28, 1984, applied to the *voir dire* examination in *Brooks* that was conducted on March 31, 1984. *Brooks*, 173 Ill. App. 3d at 156. The State maintained that *Zehr* did not apply because, at the time of the *voir dire*, the petition for rehearing in *Zehr* was pending and, thus, the ruling was not applicable. *Brooks*, 173 Ill. App. 3d at 156. The *Brooks* court disagreed with the State, finding that "the modification [in *Zehr*] concerned a matter completely unrelated to the voir dire [*sic*] issue originally addressed by the supreme court in the July 31, 1984, *Zehr* opinion. Therefore, the modification of the unrelated issue did not supersede and vacate that portion of *Zehr* dealing with voir dire."[5] *Brooks*, 173 Ill. App. 3d at 157. Accordingly, the *Brooks* court

---

[5]How the *Zehr* decision was modified is not evident from the supplemental opinion. However, it is clear that it did not involve prospective application because the opinion contains no discussion of prospective application.

concluded that "the law as set forth in *Zehr* on July 31, was clearly applicable to the *voir dire* proceeding in defendants' case." *Brooks*, 173 Ill. App. 3d at 157.

The instant case is different than *PSL Realty Co.* and *Brooks* because, although the supplemental opinion in *Robinson* confirmed the court's previous ruling, the supplemental opinion added additional analysis regarding that ruling and, therefore, related to the original holding. Thus, *PSL Realty Co.* and *Brooks* are not on point and do not support defendants' position here that the effective date of *Robinson* was September 25, 2003.

Moreover, the supreme court cases cited by the parties and others located through our independent research that deal with prospective application of the court's ruling provide a date upon which the prospective application became effective and most were not the date of the court's original decision. Defendants rely on *Torres v. Walsh*, 98 Ill. 2d 338, 456 N.E.2d 601 (September 16, 1983), *modified on denial of rehearing*, December 2, 1983, *Sunich v. Chicago & Northwest Transportation Co.*, 106 Ill. 2d 538, 478 N.E.2d 1362 (1985), and *Elg v. Whittington*, 119 Ill. 2d 344, 518 N.E.2d 1232 (November 16, 1987), *modified upon denial of rehearing*, February 11, 1988, in support of their argument that the original date of a decision is controlling with respect to prospective application. In *Torres*, the opinion was originally silent upon the applicability of its ruling. In the modified opinion, however, the court added the following language:

15

> "[S]ince this is the first pronouncement of
> this court allowing the intrastate application
> of the doctrine of *forum non conveniens*, we
> believe it is only equitable that we apply our
> holding to this case *** and to all cases
> filed on or after September 16, 1983, the date
> on which the opinions in this case and [the
> companion case] were filed." *Torres*, 98 Ill.
> 2d at 353.

See also *Sunich*, 106 Ill. 2d at 544-45 (confirming that *Torres* only applied to the parties at issue and to cases filed on or after the date the decision was filed (September 16, 1983)). In *Elg*, the court, too, added prospective application analysis in its modified opinion, holding that the court's interpretation of Rule 304(a) adopted in its decision "will apply prospectively to all cases in which the notice of appeal was filed or due to be filed on or after our decision in this case was first announced, November 16, 1987." *Elg*, 119 Ill. 2d at 359. These cases specifically and explicitly related their prospective application back to the original filing date. The same is not true in the instant case.

Other cases have addressed the question of the effective date of prospective applicability with differing dates. See *Alvis v. Rebar*, 85 Ill. 2d 1, 28, 421 N.E.2d 886 (April 17, 1981), *modified upon denial of rehearing*, June 4, 1981 (adding in supplemental opinion that the applicability of the rule announced in the

16

1-05-0146

decision applied to the parties on appeal and "all cases in which trial commences on or after June 8, 1981, the date on which the mandate in this case shall issue"); *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill. 2d 1, 17, 374 N.E.2d 437 (December 17, 1977), *supplemental opinion on denial of rehearing*, January 26, 1978, *modified*, March 1, 1978 (adding in supplemental opinion that the court's ruling "will apply prospectively to causes of action arising out of occurrences on and after March 1, 1978"); *Stevens v. Silver Manufacturing Co.*, 70 Ill. 2d 41, 46, 374 N.E.2d 455 (1977) (same dates and ruling as *Skinner*); *Robinson v. International Harvester Co.*, 70 Ill. 2d 47, 50, 374 N.E.2d 458 (December 12, 1977), *modified*, January 26, 1978 (same applicability as *Skinner*, *i.e.*, to causes of action arising after March 1, 1978); *Renslow v. Mennonite Hospital*, 67 Ill. 2d 348, 359, 367 N.E.2d 1250 (August 8, 1977), *rehearing denied*, October 3, 1977 (holding that the rule announced in the original decision applied to the plaintiffs and "only to cases arising out of future conduct"); *Darling v. Charleston Community Memorial Hospital*, 33 Ill. 2d 326, 338, 211 N.E.2d 253 (1965) (decision "given prospective effect only, from the date upon which the opinion in this case becomes final"); *Molitor v. Kaneland Community Unit District No. 302*, 24 Ill. 2d 467, 470, 182 N.E.2d 145 (1962), and *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill. 2d 11, 28-29, 163 N.E.2d 89 (1959) (doctrine of governmental immunity abolished with respect to actions arising out of occurrence there and to cases arising in

17

the future).

Confusing the issue even more is *Brown*. In *Brown*, the defendant raised challenges to the supreme court's vacatur of his death sentence and remandment for a new sentencing hearing. *Brown*, 204 Ill. 2d at 424-25. On October 18, 2002, the supreme court issued its written decision, in which it vacated the defendant's death sentence. *Brown*, 204 Ill. 2d at 425. Thereafter, the State moved for a stay of the mandate pending the filing of *certiorari* proceedings in the United States Supreme Court, which the supreme court allowed. The defendant also filed a petition for rehearing in November, which the *Brown* court found "prevented our decision from being considered final." *Brown*, 204 Ill. 2d at 425. On January 10, 2003, Governor Ryan commuted the defendant's death sentence. In finding that Ryan's conduct rendered the defendant's sentencing challenges moot, the *Brown* court found that "once defendant filed a petition for rehearing in this case, the original October 18, 2002, decision was not a final one and was subject to modification." *Brown*, 204 Ill. 2d at 425. Accordingly, the court concluded that as of January 10, 2003, "defendant remained under an existing sentence of death." *Brown*, 204 Ill. 2d at 425. This case seems to stand for the proposition that the October 18, 2002, decision was not effective as of that date even though the supreme court ultimately denied rehearing. Specifically, although the supreme court had vacated the defendant's death sentence, it nonetheless concluded that when Ryan commuted it, the defendant was

18

still under an existing death sentence. Thus, in essence, the supreme court found that its October 18, 2002, decision was not effective as of that date.

To answer the certified question here, again, the core question is to what cases does *Robinson* apply. Unlike those reported decisions identified above, *Robinson* does not explicitly state the date it was referring to as the "date of our decision," whether that date be the original filing date, the modified date, some other date in the future, or some other definite event or time. Thus, we must attempt to glean from the language used what the *Robinson* court intended. With respect to the meaning of the "date of our decision," we interpret this to mean September 25, 2003. Specifically, the *Robinson* court referred to the plaintiffs who had "sought and received" extensions. This language is in the past tense. If the *Robinson* court had intended for the modified date to be the "date of our decision," we believe it would have used the terms "seek and receive." However, this does not end our analysis because the *Robinson* court included additional language, which we find limits this date further. Specifically, the court stated "beyond that section's six month time limit *commencing* after [September 25, 2003]." (Emphasis added.) *Robinson*, 346 Ill. App. 3d at 911. We find that this language means that the ruling applies only to those cases where the six-month time limit began to run as of September 26, 2003 (the day after the *Robinson* court's

19

1-05-0146

initial decision).  Thus, by inference, the ruling applies only to cases filed after September 25, 2003, because when a case is filed naming respondents in discovery, the six-month term begins (or commences) at that time.  Commence means to "BEGIN, START, ORIGINATE" (Webster's Third New International Dictionary 456 (1993)) and the only reasonable interpretation of this language, in the context it was used, is that it refers to the six-month term beginning as of September 26.  There is no other logical reason to use the term "commencing."  By way of an example, a plaintiff filed a complaint on September 26, 2003, and named John Smith as a respondent in discovery.  The plaintiff had until March 26, 2004, to convert Smith to a defendant.  However, if plaintiff knew he/she would be unable to do so and on March 15 filed a motion for an extension of time to convert Smith to a defendant, which was granted to June 26, 2004,  the *Robinson* ruling would apply.  Specifically, the six-month period commenced on September 26, 2003, and the plaintiff sought and received an extension beyond that limit.  This extension would be controlled by *Robinson* and, thus, would be improper.  Based on the foregoing, we answer the certified question in the case at bar in the affirmative, with the limitation espoused above.

In the instant case, because plaintiffs' case does not fall within the range of prospective application, *i.e.*, their case was filed before September 26, 2003, and, as such, defendants were named as respondents in discovery prior to that date, thus the six-

20

month period did not commence after the *Robinson* decision, the custom and practice allowing for extensions and conversions in existence before *Robinson* applied. Therefore, contrary to defendants' argument, the trial court did not err in converting them to defendants even though it was nine months after the *Robinson* modified decision. This is particularly true given the unique facts of this case. Accordingly, this cause is remanded to the circuit court for proceedings consistent with our decision.

## CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Certified question answered; cause remanded.

CAHILL, P.J., and GORDON, J., concur.