**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 5, 2009
Decided August 3, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

WILLIAM T. LAWRENCE, *District Judge*[*]

| | |
|---|---|
| No. 08-1183 | Appeal from the |
| | United States District Court |
| MELKY L. TERRY, | for the Northern District of Illinois, |
| *Petitioner-Appellant*, | Eastern Division. |
| | |
| *v.* | No. 92 C 8215 |
| | |
| DONALD GAETZ, Acting Warden, | Blanche M. Manning, |
| *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Melky Terry is serving a life sentence in Illinois for first-degree murder. After a series of appeals and requests for postconviction relief, Terry filed a federal petition for a writ of habeas corpus in 2006. The district court dismissed Terry's habeas petition as untimely. We conclude that the district court used an incorrect date in calculating whether the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had run by the time Terry filed his petition. Using the correct date, Terry's

---

[*] The Honorable William T. Lawrence of the United States District Court for the Southern District of Indiana, sitting by designation.

habeas petition was timely. We therefore reverse the district court's dismissal of Terry's petition and remand for further proceedings consistent with this order.


## I. Background

In 1987 an Illinois jury convicted Melky Terry of first-degree murder, and he was sentenced to life imprisonment. The Illinois Appellate Court affirmed his conviction, and the Illinois Supreme Court denied his petition for leave to appeal ("PLA") in February 1991. Terry's direct appeal became final on May 7, 1991—90 days after the Illinois Supreme Court denied his PLA (the time period during which Terry could have filed a petition for a writ of certiorari to the United States Supreme Court). Terry spent the next 15 years filing petitions for postconviction relief in both state and federal court. Because the dates of Terry's filings and the corresponding court decisions are important to this appeal, we set forth the complex postconviction history of Terry's case in some detail.

In December 1992 Terry filed his first petition for a writ of habeas corpus in the district court. On October 12, 1993, while his federal habeas petition was pending, Terry filed his first petition for postconviction relief in Illinois state court. In June 1995 the district court dismissed Terry's federal habeas petition without prejudice for failing to exhaust his state-court remedies. A month later, the Illinois trial court dismissed Terry's state postconviction petition as untimely. Terry's appeal of this order was unsuccessful; the Illinois Appellate Court upheld the dismissal, and the Illinois Supreme Court affirmed on June 18, 1998. On October 5, 1998, the Illinois Supreme Court denied Terry's request for a rehearing. Undaunted, Terry filed a second petition for postconviction relief in state court on July 11, 1999.[1] The trial judge eventually dismissed Terry's second petition. On appeal, the Illinois Appellate Court affirmed the dismissal, and the Illinois Supreme Court affirmed again on December 1, 2005.

On February 23, 2006, Terry filed a second federal petition for a writ of habeas corpus. At this point the district court reviewing his petition faced a problem. It had dismissed Terry's first habeas petition without prejudice in 1995 because Terry had failed to exhaust his state-court remedies. At the time there was no statute of limitations for habeas claims, so the court assumed that Terry could refile his habeas petition at any time. In 1996 Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposed a one-year statute of limitations for all habeas petitions. 28 U.S.C. § 2244(d).

_____

[1] As discussed *infra*, the district court incorrectly believed that Terry filed his second state postconviction petition on September 2, 1999.

AEDPA also granted a one-year grace period to petitioners, like Terry, whose convictions became final before AEDPA's enactment; those petitioners had until April 23, 1997, to file their habeas petitions. The district court, worried about statute-of-limitations problems due to the intervening passage of AEDPA, decided to circumvent any potential problems with Terry's second habeas petition by converting its 1995 dismissal of Terry's first habeas petition into a stay. It drew support for this course of action from our intervening decision in *Newell v. Hanks*, 283 F.3d 827 (7th Cir. 2002), in which we held that a district court may stay, rather than dismiss, a federal habeas petition while the petitioner exhausts his state remedies. *Id.* at 834. The district court then construed Terry's second habeas petition as an amended petition and reopened his case under the first docket number.

Three months later, on October 19, 2006, the district court changed course. This time, it determined that its original 1995 order dismissing Terry's first habeas petition rather than issuing a stay had been correct under then-controlling precedent. Terry's one-year limitations period theoretically began to run on April 24, 1996, with the passage of AEDPA. However, AEDPA tolls the limitations period during the time that any properly filed petition for postconviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Noting that Terry had a properly filed petition pending in state court on April 24, 1996, the district court held that Terry's statute of limitations actually began to run on October 5, 1998, when the Illinois Supreme Court denied his petition for rehearing. He had one year from this date to file his habeas petition, unless he tolled the statute of limitations period by initiating another state postconviction proceeding.

At this point in the analysis, the district court made its mistake about the date Terry filed his second petition for postconviction relief; the district court said it was on September 2, 1999, but the correct date was July 11, 1999. That second petition tolled Terry's AEDPA limitations period a second time. His AEDPA clock started again on December 1, 2005, when the Illinois Supreme Court denied his petition for leave to appeal. Terry filed his second habeas petition three months later on February 23, 2006. According to the district court's calculations, that filing occurred approximately one month after Terry's AEDPA limitations period had expired. The court therefore dismissed Terry's habeas petition as untimely.

On appeal, Terry argues that the district court miscalculated the relevant limitations period and that he filed his petition within AEDPA's one-year statute of limitations. Alternatively, he argues that he is entitled to relief under Rule 60(b) of the *Federal Rules of Civil Procedure*.

## II. Discussion

AEDPA's one-year statute of limitations on federal habeas petitions commences when the petitioner's conviction becomes final. 28 U.S.C. § 2244(d)(1). For petitioners whose convictions became final before AEDPA's enactment, however, AEDPA also grants a one-year grace period. These petitioners have until April 23, 1997, to file their habeas petitions. Because Terry's conviction became final in 1991, Terry was entitled to take advantage of AEDPA's one-year grace period. In addition, AEDPA tolls the limitations period during the pendency of a properly filed petition for state postconviction relief. 28 U.S.C. § 2244(d)(2).

The timeliness of Terry's habeas petition depends on when he filed his second state-court proceeding. The district court thought that Terry filed his second petition for postconviction relief on September 2, 1999. This was a mistake, as we have noted; there is no evidence in the record to support the September 2 date, and it is unclear where the court's misinformation originated.[2] Instead, the record shows that Terry actually filed his petition on July 11, 1999. Terry submitted two documents establishing the accuracy of the July 11 date: a receipt from the prison mail system showing that he mailed the petition on July 11 and a copy of the Illinois state-court docket showing that the petition was docketed on July 15. Illinois uses the "prison mail rule," which states that pleadings are filed the day they are provided to prison officials for mailing. *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). Therefore, the record reflects that Terry's AEDPA limitations period should have been tolled from July 11, the date he filed his second state postconviction proceeding—not September 2, the date the district court used.

There is a further complication, however. Four days before oral argument in this case, the Illinois assistant attorney general submitted a letter under Circuit Rule 28(j) making a different argument on behalf of the respondent warden. He argued that Terry's first postconviction proceeding ended on June 18, 1998, when the Illinois Appellate Court affirmed the dismissal of the petition, rather than October 5, 1998, when the Illinois Supreme Court denied the petition for rehearing. If correct, this would reduce the time that Terry's AEDPA limitations period was tolled by almost four months and render Terry's petition untimely.

The issue of whether a petition for postconviction relief is "pending" for purposes of AEDPA is a question of state law. *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). The

---

[2] The Illinois Appellate Court recited the incorrect September 2 date in the background section of a summary order in which the filing date had no relevance to the disposition, and it did so without any citation to shed light on the source of the September 2 date.

assistant attorney general cites *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006), as support for the proposition that under Illinois law a petition for rehearing does not alter the effective date of judgment unless the court grants the petition. We note initially that *Jones* explains only when a judgment appealed to the state's highest court takes effect; it does not necessarily explain when a state petition is "pending" under AEDPA. As the Supreme Court has noted, the two may not be interchangeable. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (noting the differences between AEDPA's finality provision and AEDPA's provision dealing with the pendency of state postconviction proceedings). We also observe that Illinois appears to have conflicting decisions on the question of whether a case is still "pending" when a petition for rehearing is filed in the Illinois Supreme Court. *Compare People v. Brown*, 792 N.E.2d 788, 789 (Ill. 2002) (suggesting that a case does not become final until a petition for rehearing is denied), *with PSL Realty Co. v. Granite Inv. Co.*, 427 N.E.2d 563, 570 (Ill. 1981) (noting that the filing of a petition for rehearing does not alter the effective date of judgment unless the petition is granted).

We need not address this apparent conflict in the Illinois caselaw. The failure to raise this issue until four days before oral argument is a waiver. *See Grigsby v. Cotton*, 456 F.3d 727, 731 (7th Cir. 2006). The assistant attorney general neither presented this argument to the district court nor included it in his brief on appeal. Accordingly, we hold that Terry's limitations period under AEDPA did not start until October 5, 1998, when the Illinois Supreme Court denied his petition for rehearing.

Using October 5, 1998, and July 11, 1999, as the dates Terry's limitations period started and stopped again, we further hold that Terry filed his second habeas petition within AEDPA's limitations period. On April 24, 1996, the date of AEDPA's enactment and the date that Terry's one-year statute of limitations began to run, Terry had a properly filed petition for postconviction relief pending in state court. This immediately tolled Terry's limitations period until October 5, 1998, when the Illinois Supreme Court denied Terry's petition for rehearing.[3] Terry's one-year clock started on October 5, 1998, and ran for a total of 278 days until July 11, 1999, when Terry filed his second petition for state postconviction relief. This second filing tolled the limitations period again while Illinois considered Terry's second postconviction petition. When the Illinois Supreme Court denied Terry's petition for leave to appeal on December 1, 2005, the clock started running again, and Terry had 87 days remaining to file his habeas petition. Terry filed his second habeas petition on February 23, 2006—83 days later and four days shy of the end of his AEDPA limitations

---

[3] The assistant attorney general argues on appeal that AEDPA's statute of limitations was not tolled during the pendency of Terry's first postconviction petition because the state courts denied it as untimely. Because this argument was not raised in the district court, however, it is waived.

period.  Thus, Terry's habeas petition was timely filed.

The assistant attorney general argues that we should affirm nonetheless because Terry failed to brief the merits of his substantive constitutional habeas claims.  We decline to find waiver in this situation.  Our certificate of appealability, while noting Terry's meritorious constitutional claims, only sought briefing on the procedural issues.  We will not fault a petitioner for following our instructions.  This is not a case in which we requested briefing on the merits and petitioner failed to brief those issues; that *would* constitute a waiver.  *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).  Here, Terry's counsel did exactly as we asked and briefed only the procedural aspects of the case.  Terry has not waived the merits of his constitutional arguments, and the district court should proceed to address them on remand.

For the foregoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this order.